■ WILLIAM J. GLYNN et al., Respondents, v JOSEPH JOHNS, Appellant. [752 NYS2d 564] —In an action to recover damages for fraud and breach of a promissory note, the defendant appeals from an order of the Supreme Court, Nassau County (Davis, J.), dated December 19, 2001, which denied his motion for leave to renew a prior motion, inter alia, for summary judgment dismissing the first cause of action asserted in the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the defendant's contention, the Supreme Court properly denied his motion for leave to renew, as it was not based upon newly-discovered evidence and there was no adequate explanation for the defendant's failure to submit the purportedly new evidence at the time of the prior motion (*see* CPLR 2221 [e]; *Scott v Avis Rent A Car,* 289 AD2d 471; *see also Matrix Fin. Servs. Corp. v McKiernan,* 295 AD2d 579). Smith, J.P., O'Brien, Krausman and Rivera, JJ., concur.

■ LUIS E. GONZALEZ, Appellant, et al., Plaintiffs, v PLAIN EDGE HIGH SCHOOL DISTRICT, Respondent, et al., Defendants. [752 NYS2d 570] —In an action to recover damages for personal injuries, etc., the plaintiff Luis Enrique Gonzalez appeals from so much of an order of the Supreme Court, Nassau County (Carter, J.), dated April 8, 2002, as denied his motion for summary judgment on the issue of liability on his cause of action pursuant to Labor Law § 240 (1) insofar as asserted against the defendant Plain Edge High School District.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the appellant's contention, the Supreme Court properly denied his motion for summary judgment on his cause of action pursuant to Labor Law § 240 (1), since there is an issue of fact as to proximate cause (*see Cordeiro v Shalco Invs.,* 297 AD2d 486; *Ossorio v Forest Hills S. Owners,* 251 AD2d 475; *Tweedy v Roman Catholic Church of Our Lady of Victory,* 232 AD2d 630; *Richardson v Matarese,* 206 AD2d 353; *Styer v Vita Constr.,* 174 AD2d 662).

We decline to search the record to reach issues raised by the respondent who did not cross-appeal (*see Pepito v City of New York,* 262 AD2d 619). Feuerstein, J.P., Smith, O'Brien and Goldstein, JJ., concur.