■ A.B. Medical Services, PLLC, Respondent, v GEICO Casualty Insurance Co., Appellant. [835 NYS2d 616]—In an action to recover no-fault benefits under an insurance contract, the defendant appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated April 6, 2006, which modified an order of the Civil Court of the City of New York, Kings County (R. Garson, J.), dated May 17, 2004, granting the plaintiff's motion

for summary judgment awarding the sum of $4,061.96, plus interest and an attorney's fee, to provide that the plaintiff's motion for summary judgment was granted only to the extent of awarding the plaintiff the sum of $3,971.20, and remitting the matter for the calculation of interest and an assessment of an attorney's fee.

Ordered that the order of the Appellate Term is reversed, on the law, with costs, the order of the Civil Court of the City of New York, Kings County, is reversed, and the plaintiff's motion for summary judgment is denied.

Under the circumstances presented, the plaintiff failed to make a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *cf. Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co.*, 34 AD3d 532 [2006]). Accordingly, the plaintiff's motion for summary judgment should have been denied regardless of the sufficiency of the opposing papers (*see Ayotte v Gervasio*, 81 NY2d 1062, 1063 [1993]).

Even assuming the plaintiff had made a prima facie showing of entitlement to summary judgment, we conclude that the defendant succeeded in raising a triable issue of fact in response (*see Alvarez v Prospect Hosp., supra*). For the reasons set forth in *A.B. Med. Servs., PLLC v Liberty Mut. Ins. Co.* (39 AD3d 779 [2007] [decided herewith]), and *New York Univ. Hosp. Rusk Inst. v Government Empls. Ins. Co.* (39 AD3d 832 [2007] [decided herewith]), we disagree with the Appellate Term's conclusion that the defendant's denial of claim forms were insufficient because they failed to set forth with sufficient particularity the factual basis and medical rationale upon which they were based. The applicable regulations provide that if a no-fault claim is denied in whole or in part based on a medical examination or peer review report requested by the insurer, then the insurer shall release a copy of that report to, among others, the applicant or its attorney, upon written request (*see* 11 NYCRR 65-3.8 [b] [4]). Had it been the intent of the Department of Insurance to require the carrier to set forth a medical rationale in the prescribed denial of claim form (*see* NYS Form N-F 10; 11 NYCRR 65-3.4 [c] [11]), it would have so provided.

In light of the foregoing determination, we need not address the defendant's remaining contentions. Miller, J.P., Santucci, Florio and Lifson, JJ., concur.