■ A.B. MEDICAL SERVICES, PLLC, Respondent, et al., Plaintiffs, v LIBERTY MUTUAL INSURANCE COMPANY, Appellant. [835 NYS2d 614]—

In an action to recover no-fault benefits under an insurance contract, the defendant appeals, by permission, as limited by its brief, from so much of an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated November 21, 2005, as reversed so much of an order of the Civil Court of the City of New York, Kings County (E. Spodek, J.), dated June 30, 2004, as denied that branch of the motion of the plaintiff A.B. Medical Services, PLLC, which was for summary judgment on the cause of action to recover the sum of $1,999.12, and granted that branch of the motion.

Ordered that the order dated November 21, 2005, is reversed insofar as appealed from, on the law, with costs, and the order of the Civil Court of the City of New York, Kings County, dated June 30, 2004, is affirmed insofar as it was appealed from.

To the extent the Appellate Term's order may be understood to require an insurer denying a claim for first-party no-fault benefits on the ground of lack of medical justification to include a medical rationale in its denial of claim form, we agree with the defendant that the court erred. The applicable regulations provide that if a no-fault claim is denied in whole or in part based on a medical examination or peer review report requested by the insurer, then the insurer shall release a copy of that report to, among others, the applicant or its attorney, upon written request (*see* 11 NYCRR 65-3.8 [b] [4]). Had it been the intent of the Department of Insurance to require the carrier to set forth a medical rationale in the prescribed denial of claim form (*see* NYS Form N-F 10; 11 NYCRR 65-3.4 [c] [11]), it would have so provided (*see A.B. Med. Servs. v GEICO Cas. Ins. Co.*, 39 AD3d 778 [2007] [decided herewith]; *New York Univ. Hosp. Rusk Inst. v Government Empls. Ins. Co.*, 39 AD3d 832 [2007] [decided herewith]).

While the plaintiff A.B. Medical Services, PLLC (hereinafter A.B. Medical), made a prima facie showing of entitlement to judgment as a matter of law by submitting evidentiary proof that the prescribed statutory billing forms were mailed and received, and that payment of no-fault benefits was overdue (*see* Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [c]; *Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co.*, 16 AD3d 564 [2005]; *Mary Immaculate Hosp. v Allstate Ins. Co.*, 5 AD3d 742, 742-743 [2004]), in response, the defendant raised a triable issue of fact with respect to its argument that the claimed benefits were

properly denied on the ground of lack of medical justification (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Civil Court of the City of New York correctly denied that branch of A.B. Medical's motion which was for summary judgment on the cause of action to recover the sum of $1,999.12. Miller, J.P., Santucci, Florio and Lifson, JJ., concur.