New York University Hospital Rusk Institute et al., Plaintiffs, and Nyack Hospital, as Assignee of Flora Schnee, Respondent, v Government Employees Insurance Company, Appellant. [835 NYS2d 612]—

In an action to recover no-fault medical payments under certain contracts of insurance, the defendant appeals from an order of the Supreme Court, Nassau County (Palmieri, J.), dated May 12, 2006, which granted the motion of the plaintiff Nyack Hospital, as assignee of Flora Schnee, for summary judgment on the second cause of action.

Ordered that the order is reversed, on the law, with costs, and the motion of the plaintiff Nyack Hospital, as assignee of Flora Schnee, for summary judgment on the second cause of action is denied.

In support of its motion for summary judgment on the second cause of action, the plaintiff Nyack Hospital, as assignee of Flora Schnee (hereinafter Nyack), made a prima facie showing of entitlement to judgment as a matter of law by submitting, inter alia, the requisite billing form, a certified mail receipt referencing the patient, a signed return receipt card also referencing the patient, and an affidavit of its biller attesting to the facts that, among other things, the defendant Government Employees Insurance Company (hereinafter GEICO) failed to either pay the bill or issue a timely denial of claim form in 30 days (see Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 34 AD3d 532 [2006]). However, in opposition to the motion, GEICO raised triable issues of fact by demonstrating that it timely requested medical verification of the claim, and timely denied it based upon a peer review report concluding that the subject treatment was the result of a preexisting medical condition and did not arise from a no-fault-covered accident (see Insurance Law § 5102 [a] [1], [b]; 11 NYCRR 65-3.8 [a] [1]; [b] [4]; New York & Presbyt. Hosp. v Allstate Ins. Co., 30 AD3d 492 [2006]). Accordingly, the Supreme Court should have denied Nyack's motion for summary judgment on the second cause of action.

Contrary to the Supreme Court's conclusion, GEICO was not

required to set forth a medical rationale in its denial of claim form. The applicable regulations provide that if a no-fault claim is denied in whole or in part based on a medical examination or peer review report requested by the insurer, then the insurer shall release a copy of that report to, among others, the applicant or its attorney, upon written request (*see* 11 NYCRR 65-3.8 [b] [4]). Had it been the intent of the Department of Insurance to require the carrier to set forth a medical rationale in the prescribed denial of claim form (*see* NYS Form N-F 10; 11 NYCRR 65-3.4 [c] [11]), it would have so provided (*see A.B. Med. Servs., PLLC v Liberty Mut. Ins. Co.,* 39 AD3d 779 [2007] [decided herewith]; *A.B. Med. Servs., PLLC v GEICO Cas. Ins. Co.,* 39 AD3d 778 [2007] [decided herewith]).

We decline GEICO's request to search the record and award summary judgment in its favor on the second cause of action (*see Gonzalez v Plain Edge High School Dist.,* 300 AD2d 540 [2002]).

GEICO's remaining contention is improperly raised for the first time on appeal (*see Castro v Homsun Corp.,* 34 AD3d 616 [2006]).

Motion by the respondent Nyack Hospital, as assignee of Flora Schnee, on an appeal from an order of the Supreme Court, Nassau County, dated May 12, 2006, to strike Point III of the appellant's brief, and the addendum thereto, on the ground that they contain and refer to material dehors the record. By decision and order on motion of this Court dated January 12, 2007, the motion was held in abeyance and referred to the Justices hearing the appeal for determination upon the argument or submission of the appeal.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is,

Ordered that the motion is denied. Miller, J.P., Santucci, Florio and Lifson, JJ., concur.