OPINION OF THE COURT
Memorandum.
Judgment reversed without costs, order granting plaintiffs cross motion for summary judgment and denying defendant’s motion to strike the complaint, or, in the alternative, to compel discovery, vacated, plaintiffs cross motion for summary judgment denied and defendant’s motion granted to the extent of compelling plaintiff to serve, within 30 days after the date of the order entered hereon, responses to defendant’s discovery demands, and, within 30 days after service of such responses, to produce a witness for an examination before trial.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved to strike the complaint due to plaintiffs failure to comply with defendant’s discovery demands or, in the alternative, for an order, pursuant to CPLR 3124 and 3126 compelling plaintiff to comply with defendant’s discovery demands. Plaintiff cross-moved for summary judgment. The court granted plaintiffs cross motion and denied defendant’s motion as moot. This appeal by defendant ensued.
A plaintiff generally establishes its prima facie entitlement to summary judgment by proof of the submission of a statutory claim form, setting forth the fact and the amount of the loss sustained, and that payment of no-fault benefits is overdue (see e.g. Insurance Law § 5106 [a]; Mary Immaculate Hosp. v Allstate Ins. Co., 5 AD3d 742 [2004]). Defendant contends that plaintiff failed to make a prima facie showing that its claims were overdue in view of the fact that defendant timely denied plaintiffs claims. Such an argument lacks merit since a claim becomes overdue if no payment is made within the 30-day claim determination period, notwithstanding the fact that defendant timely denied the claim (see Insurance Law § 5106 [a]; Fair Price Med. Supply Corp. v Travelers Indem. Co., 42 AD3d 277 [2d Dept 2007]). However, plaintiff nevertheless was not entitled to summary judgment.
In the instant case, defendant sufficiently demonstrated that it timely mailed the denial of claim forms at issue based upon its standard office practice or procedure designed to ensure that *18 items are properly addressed and mailed (see Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679 [2001]). We note that our prior holding in Contemp. Med. Diag. & Treatment, P.C. v Government Empls. Ins. Co. (6 Misc 3d 137[A], 2005 NY Slip Op 50254[U] [App Term, 2d & 11th Jud Dists 2005]) should not be interpreted as requiring that an affidavit of mailing must state either that it was the affiant’s duty to ensure compliance with the insurer’s standard office practice or procedure with regard to mailing or that the affiant possessed personal knowledge of such compliance. Rather, as the Appellate Division has repeatedly noted, it is sufficient for the affiant to set forth that he or she possessed personal knowledge that the mailing occurred or describe the standard office practice or procedure used to ensure that items were properly addressed and mailed (see e.g. New York & Presbyt. Hosp. v Allstate Ins. Co., 29 AD3d 547 [2006]; Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679 [2001], supra; Hospital for Joint Diseases v Nationwide Mut. Ins. Co., 284 AD2d 374 [2001]). The denial of claim forms stated that the claims were denied based upon affirmed peer review reports, thereby preserving the defense of lack of medical necessity, and defendant’s papers submitted in opposition to plaintiffs cross motion for summary judgment were sufficient to demonstrate the existence of an issue of fact with respect to said defense (see A.B. Med. Servs., PLLC v Liberty Mut. Ins. Co., 39 AD3d 779 [2007]; Long Is. Radiology v Allstate Ins. Co., 36 AD3d 763 [2007]; West Tremont Med. Diagnostic, P.C. v GEICO Ins. Co., 13 Misc 3d 131[A], 2006 NY Slip Op 51871[U] [App Term, 2d & 11th Jud Dists 2006]).
With respect to defendant’s motion to strike plaintiff’s complaint, or, in the alternative, to compel plaintiff to respond to defendant’s discovery demands, plaintiff offered token opposition.
“The failure of a party to challenge the propriety of a notice for discovery and inspection pursuant to CPLR 3120 within the time prescribed by CPLR 3122 forecloses inquiry into the propriety of the information sought except with regard to material that is privileged pursuant to CPLR 3101 or requests that are palpably improper” (Marino v County of Nassau, 16 AD3d 628, 629 [2005] [citations omitted]; see-also Fausto v City of New York, 17 AD3d 520, 522 [2005]).
In view of the foregoing, defendant’s motion is granted to the *19 extent indicated herein (see North Acupuncture, P.C. v State Farm Ins. Co., 14 Misc 3d 129[A], 2006 NY Slip Op 52512[U] [App Term, 2d & 11th Jud Dists 2006]).
Pesce, P.J., Weston Patterson and Belen, JJ., concur.