*723 OPINION OF THE COURT
Sharon Aarons, J.
Relief Requested
Defendant moves for an order, pursuant to CPLR 2221 (e), granting defendant leave to renew and ordering a new trial based upon a change in law. Defendant’s motion is granted. Written opposition was submitted. Defendant’s motion for leave to renew is granted and upon renewal this court’s decision/ order, dated October 31, 2006, is vacated, and plaintiffs motions in limine for preclusion and for a directed verdict are denied.
Procedural Background
Plaintiff assignee brought this action against defendant, the assignor’s no-fault carrier, to recover for health services rendered to the assignor on December 10, 2004 in the nature of medical equipment supplied following the motor vehicle accident on October 28, 2004. Defendant contends that the medical equipment for which the plaintiff submitted a bill seeking $1,152 was not medically necessary.
Factual Background
On October 31, 2006 the parties appeared for trial of this action. They entered into a written stipulation, in writing and on the record, that plaintiffs submission of the bill for services, the assignment of benefits and defendant’s denial of claim form (collectively admitted as plaintiff’s exhibit 1) would meet plaintiffs burden of proof establishing its prima facie case. The parties further stipulated the timeliness and mailing of defendant’s denial of claim form. At the trial of this action, plaintiff made a motion in limine to preclude the peer review doctor from testifying and to preclude the defendant’s defense of lack of medical necessity on the grounds that the defense of lack of medical necessity was not preserved because the defendant’s denial of claim form, while asserting the defense of lack of medical necessity, neither specified the factual basis nor the medical rationale, and a copy of the peer review was not sent to the plaintiff. The court granted the plaintiffs motions for preclusion and for a directed verdict in favor of the plaintiff and against the defendant in the amount of $1,152 with interest from August 2, 2005. The court’s granting of plaintiffs motions was based upon the authority of the Appellate Term, Second *724 and Eleventh Judicial Districts, rendered in A.M. Med. Servs., P.C. v Allstate Ins. Co. (12 Misc 3d 144[A], 2006 NY Slip Op 51426[U], *3 [2006]), which stated that
“this court has repeatedly held that where a denial of claim form fails to set forth with sufficient particularity the factual basis and medical rationale for its denial based upon lack of medical necessity, the defendant is precluded from asserting said defense. In the instant case, defendant’s denial of claim forms with respect to said claims, and the accompanying explanation of benefits forms, merely advised plaintiff that the claims were denied pursuant to a peer review report and that a copy of said report would be sent to plaintiff under separate cover. Since there is no evidence that the peer review was sent to plaintiff under separate cover within the 30-day claim determination period, and the denials of claims were otherwise devoid of any factual basis for the denials, defendant is precluded from asserting lack of medical necessity as a defense to said claims and plaintiff is entitled to summary judgment upon said claims” (citations omitted).
On November 3, 2006 the defendant served upon plaintiff a notice of appeal from the court’s decision/order and filed same with the Clerk of the Court on November 17, 2006.
Discussion and Analysis
The 1999 amendment of CPLR 2221 codified the rules pertaining to reargument and renewal motions. CPLR 2221 (e) (2) makes clear that a motion to vacate or modify a prior order on the ground that there has been a change in the law that would change the prior determination is a renewal motion. While the 1999 amendment set forth a specific time frame for the making of a motion to reargue (30 days after service of a copy of the order determining the prior motion with notice of entry [CPLR 2221 (d) (3)]), a motion to renew contains no statutory time prescription. The issue of the timeliness of a motion to renew under the 1999 statutory amendment was addressed by the Appellate Division, Second Department, in Glicksman v Board of Educ./Cent. School Bd. of Comsewogue Union Free School Dist. (278 AD2d 364 [2000]). In Glicksman the plaintiffs complaint was dismissed. No appeal was taken from the order/ judgment of dismissal. Subsequently, there was a change in the decisional law and seven months later a renewal motion ensued *725 pursuant to the then recently amended CPLR 2221 (e) (2). The motion court granted the renewal motion and the Appellate Division reversed. The Appellate Division held that there was no indication in the legislative history of any intent to change the long-standing rule regarding finality of judgments and that a motion to renew may not be made after judgment was entered and no appeal was pending. Glicksman reaffirms that the law remains unchanged and that a motion to renew based upon a change in the law must still be made while the case is sub judice, i.e., still pending in the court system. (See also Daniels v Millar El. Indus., Inc., 44 AD3d 895 [2d Dept 2007]; Matter of Eagle Ins. Co. v Persaud, 1 AD3d 356 [2d Dept 2003].) Plaintiff does not assert that the defendant was untimely in the service or filing of its notice of appeal or that defendant’s appeal was dismissed. Consequently, defendant’s motion is timely since no judgment was entered and an appeal was pending and, as such, the court retains jurisdiction to determine the instant motion.
Subsequent to the issuance of this court’s decision/order and judgment, dated October 31, 2006, the Appellate Division, Second Department, decided the case of A.B. Med. Servs., PLLC v GEICO Cas. Ins. Co. (39 AD3d 778 [2007]). That Court (at 779) stated as follows:
“For the reasons set forth in A.B. Med. Servs., PLLC v Liberty Mut. Ins. Co. (39 AD3d 779 [2007] [decided herewith]), and New York Univ. Hosp. Rusk Inst. v Government Empls. Ins. Co. (39 AD3d 832 [2007] [decided herewith]), we disagree with the Appellate Term’s conclusion that the defendant’s denial of claim forms were insufficient because they failed to set forth with sufficient particularity the factual basis and medical rationale upon which they were based. The applicable regulations provide that if a no-fault claim is denied in whole or in part based on a medical examination or peer review report requested by the insurer, then the insurer shall release a copy of that report to, among others, the applicant or its attorney, upon written request (see 11 NYCRR 65-3.8 [b] [4]). Had it been the intent of the Department of Insurance to require the carrier to set forth a medical rationale in the prescribed denial of claim form (see NYS Form N-F 10; 11 NYCRR 65-3.4 [c] [11]), it would have so provided.”
The Appellate Term, First Department, concurred in A.I.D. Med. Supplies v GEICO Gen. Ins. Co. (15 Misc 3d 140[A], 2007 *726 NY Slip Op 51044[U] [2007], specifically citing A.B. Med. Servs., PLLC v GEICO Cas. Ins. Co.; see also Andrew Carothers, M.D., P.C. v New York Cent. Mut. Fire Ins. Co., 16 Misc 3d 136[A], 2007 NY Slip Op 51613[U] [App Term, 2d & 11th Jud Dists 2007]; Delta Diagnostic Radiology, P.C. v Chubb Group of Ins., 17 Misc 3d 16 [App Term, 2d & 11th Jud Dists 2007]).
As previously stated, prior applicable law mandated that a denial of claim based upon lack of medical necessity must set forth with sufficient particularity the factual basis and medical rationale for such denial. This could be set forth either in the denial of claim form or in a peer review report attached to the denial of claim form or sent to plaintiff within 30 days of the denial under separate cover. Since this was not done in the case at bar, this court, applying applicable law, held that the defense of lack of medical necessity was not preserved. The decisions of the appellate courts, cited above, subsequently ruled that pursuant to applicable Insurance Department regulations, upon request, an insurer is required to release a copy of the peer review report to the applicant or its attorney; that a denial based upon lack of medical necessity is not insufficient because it fails to set forth the factual basis and medical rationale; and that had it been the intent of the Insurance Department to require the factual basis and medical rationale in the denial it would have so provided. Hence, herein, the fact that the denial of claim form does not state a factual basis or a medical rationale does not invalidate the denial that was timely sent as so stipulated at trial by the plaintiff.
Accordingly, defendant’s motion must be granted.
Conclusion
Defendant’s motion for leave to renew is granted and upon renewal this court’s decision/order, dated October 31, 2006, is vacated, and plaintiffs motions in limine for preclusion and for a directed verdict are denied. The Clerk of the Court, upon being served with a copy of this order with notice of entry is directed to place this action upon an appropriate calendar for trial and to notify the respective parties herein. Since this action is being restored to the trial calendar as a result of a change in existing law made by the Appellate Division, neither the filing of a new notice of trial nor the payment of any additional fees are required.