*19 OPINION OF THE COURT
Memorandum.
Order affirmed without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment. In a supporting affidavit, plaintiffs billing manager stated that he had mailed letters to defendant requesting copies of the peer review reports upon which the denial of claim forms were based and that defendant had failed to comply with said request. Plaintiff argued that defendant should therefore be precluded from asserting its defense of lack of medical necessity. In opposition, defendant argued that it had timely denied plaintiffs claims on the ground that the supplies provided were not medically necessary. Defendant attached to its opposition papers copies of the affirmed peer review reports which set forth with specificity the defense of lack of medical necessity. Defendant, however, did not refute the fact that it had not previously provided plaintiff with copies of the reports. The court below denied plaintiffs motion on the ground that there are triable issues of fact as to medical necessity. The instant appeal by plaintiff ensued.
An insurer’s submission of a denial of claim form which denies a provider’s claim based upon a peer review report is sufficient to raise the defense of lack of medical necessity. The Appellate Division, Second Department, has noted that such a denial of claim form need not set forth with particularity the factual basis and medical rationale upon which the defense was based, because the provider may, if it so desires, request a copy of the written peer review report from the insurer pursuant to Insurance Department Regulations (11 NYCRR) § 65-3.8 (b) (4) (New York Univ. Hosp. Rusk Inst. v Government Empls. Ins. Co., 39 AD3d 832 [2007]; A.B. Med. Servs., PLLC v Liberty Mut. Ins. Co., 39 AD3d 779 [2007]; A.B. Med. Servs., PLLC v GEICO Cas. Ins. Co., 39 AD3d 778 [2007]). The Appellate Division further stated that “[h]ad it been the intent of the Department of Insurance to require the carrier to set forth a medical rationale in the prescribed denial of claim form . . . , it would have so provided” (New York Univ. Hosp. Rusk Inst., 39 AD3d at 833; A.B. Med. Servs., PLLC v Liberty Mut. Ins. Co., 39 AD3d at 780; A.B. Med. Servs., PLLC v GEICO Cas. Ins. Co., 39 AD3d at 779).
The Insurance Department Regulations provide no sanction for an insurer’s failure to provide a peer review report upon the writ *20 ten request for one by a provider (see e.g. A.B. Med. Servs. PLLC v Clarendon Natl. Ins. Co., 12 Misc 3d 143[A], 2006 NY Slip Op 51415[U] [App Term, 2d & 11th Jud Dists 2006]). While plaintiff urges the court to impose the sanction of preclusion here, we decline to do so because “[h]ad it been the intent of the Department of Insurance” to impose such a sanction, “it would have so provided” (New York Univ. Hosp. Rusk Inst., 39 AD3d at 833; A.B. Med. Servs., PLLC v Liberty Mut. Ins. Co., 39 AD3d at 780; A.B. Med. Servs., PLLC v GEICO Cas. Ins. Co., 39 AD3d at 779). Indeed, the application of a preclusion sanction would necessarily entail the wholesale creation of a regulatory scheme, as the Insurance Department Regulations do not provide a time frame within which the request for the peer review report must be made by the provider or complied with by the insurer. Absent these time frames, there is no way to know when a sanction for noncompliance is warranted, and we decline to read such a scheme into the Insurance Department Regulations.
We note that even in the absence of a sanction imposed by the Insurance Department Regulations, a provider is not without any recourse where an insurer fails to provide a requested peer review report. The prescribed NF-10 denial of claim form provides that a complaint may be made by the provider to the Insurance Department whose “regulations themselves provide for agency oversight of carriers” (State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313, 322 [2005]). In any event, if the matter proceeds to the litigation stage, the provider may seek disclosure of the peer review report.
Accordingly, since defendant’s opposition papers established a triable issue of fact based on a defense of medical necessity, the court below properly denied plaintiff’s motion for summary judgment.
Pesce, RJ., Rios and Steinhardt, JJ., concur.