■ FORREST CHEN ACUPUNCTURE SERVICES, P.C., as Assignee of MELISSA LUGO, Appellant, v GEICO INSURANCE Co., Respondent. [865 NYS2d 124]—

In an action to recover no-fault benefits under an insurance contract, the plaintiff appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated April 26, 2007, which affirmed an order of the Civil Court of the City of New York, Kings County (Rubin, J.), entered August 8, 2005, which denied its motion for summary judgment on the complaint and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order dated April 26, 2007, is affirmed, with costs.

The Appellate Term properly affirmed the Civil Court order denying the plaintiff's motion for summary judgment on the complaint and granting the defendant's cross motion for summary judgment dismissing the complaint. The plaintiff's evidentiary submissions revealed that the defendant insurance company timely issued denial of claim forms in April and May of 2001, which partially denied payment upon the ground that no fee schedule existed for the treatment provided, and payment could thus be limited to a reasonable and customary fee. Although "[a] timely denial alone does not avoid preclusion where said denial is factually insufficient, conclusory, vague or otherwise involves a defense which has no merit as a matter of law" (*Amaze Med. Supply v Allstate Ins. Co.,* 3 Misc 3d 43, 44 [2004]; *see New York Univ. Hosp. Rusk Inst. v Hartford Acc. &*

*Indem. Co.,* 32 AD3d 458, 460 [2006]; *Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co.,* 16 AD3d 564 [2005]; *Nyack Hosp. v State Farm Mut. Auto. Ins. Co.,* 11 AD3d 664 [2004]), here the defendant's denials of claim were issued on prescribed forms, and were not factually insufficient or vague. Under these circumstances, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law (*see Westchester Med. Ctr. v Allstate Ins. Co.,* 45 AD3d 579 [2007]; *see also A.B. Med. Servs., PLLC v Liberty Mut. Ins. Co.,* 39 AD3d 779 [2007]; *A.B. Med. Servs., PLLC v GEICO Cas. Ins. Co.,* 39 AD3d 778 [2007]).

Furthermore, the defendant made a prima facie showing of its entitlement to summary judgment dismissing the complaint by submitting evidentiary proof that no fee schedule for the reimbursement of acupuncture treatments existed in 2001, and that it properly limited payment to "charges permissible for similar procedures under schedules already adopted" (11 NYCRR 68.5 [b]; *see* Insurance Law § 5108; Ops Gen Counsel NY Ins Dept No. 04-10-03 [Oct. 2004]). In opposition to the cross motion, the plaintiff failed to raise an issue of fact as to whether reimbursement for its acupuncture services was properly limited.

The plaintiff further contends that the defendant failed to offer sufficient evidence in support of the "similar procedure" it chose for comparison to the services offered by the plaintiff in arriving at the rate of reimbursement. This contention, however, is not properly before this Court, as it was not raised in the Civil Court, and was not addressed by the Appellate Term (*see Matter of New York City Hous. Auth. v Jackson,* 48 AD3d 818, 820 [2008]). Spolzino, J.P., Ritter, Santucci and Carni, JJ., concur.