Mount Sinai Hospital, as Assignee of Vanessa Ayala et al., Respondents, v Country Wide Insurance Company, Appellant. [926 NYS2d 306]—

In an action to recover no-fault medical payments under two insurance policies, the defendant appeals (1) from an order of the Supreme Court, Nassau County (Winslow, J.), entered July 19, 2010, which granted the plaintiffs' motion for summary judgment on the complaint and denied its cross motion for summary judgment, in effect, dismissing the complaint, and (2) as

limited by its brief, from so much of an order of the same court entered February 7, 2011, as denied those branches of its motion which were for leave to renew its cross motion for summary judgment, in effect, dismissing the complaint and its opposition to the plaintiffs' motion for summary judgment on the complaint.

Ordered that the order entered July 19, 2010, is modified, on the law, by deleting the provision thereof granting the plaintiffs' motion for summary judgment on the complaint, and substituting therefor a provision denying the plaintiffs' motion; as so modified, the order entered July 19, 2010, is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order entered February 7, 2011, as denied that branch of the defendant's motion which was for leave to renew its opposition to the plaintiffs' motion for summary judgment is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order entered July 19, 2010; and it is further,

Ordered that the order entered February 7, 2011, is affirmed insofar as reviewed, without costs or disbursements.

The plaintiffs made a prima facie showing of their entitlement to judgment as a matter of law on their causes of action to recover no-fault insurance medical payments by submitting evidence that the necessary billing documents had been mailed and received by the defendant insurer, which failed to either pay or deny the claims within the requisite 30-day period (*see* Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [a] [1]; *Westchester Med. Ctr. v GMAC Ins. Co. Online, Inc.*, 80 AD3d 603, 604 [2011]; *Westchester Med. Ctr. v Progressive Cas. Ins. Co.*, 51 AD3d 1014, 1017 [2008]). However, in opposition, the defendant raised triable issues of fact with respect to whether the limits of the policy at issue in the first cause of action were exhausted through the payment of claims for prior services during a time that the 30-day period was tolled pursuant to the defendant's request for additional verification (*see* 11 NYCRR 65-3.5 [b]; 65-3.8 [a] [1]; 65-3.15; *Fair Price Med. Supply Corp. v Travelers Indem. Co.*, 10 NY3d 556, 563 [2008]; *Westchester Med. Ctr. v Hartford Cas. Ins. Co.*, 58 AD3d 832, 833 [2009]; *Montefiore Med. Ctr. v Government Empls. Ins. Co.*, 34 AD3d 771, 771-772 [2006]), and whether the claim at issue in the second cause of action was paid by the defendant, with appropriate overdue interest, prior to the commencement of this action (*see* Insurance Law § 5106 [a]). Accordingly, the Supreme Court should have denied the plaintiffs' motion for summary judgment on the complaint. Because of the aforementioned issues of fact, the

Supreme Court properly denied the defendant's cross motion for summary judgment, in effect, dismissing the complaint.

The Supreme Court also properly denied that branch of the defendant's motion which was for leave to renew its cross motion for summary judgment, in effect, dismissing the complaint, as the defendant failed to offer a reasonable justification for its failure to submit the new facts at the time of the prior motion (*see* CPLR 2221 [e] [3]; *Matter of Leone Props., LLC v Board of Assessors for Town of Cornwall*, 81 AD3d 649, 652 [2011]; *Greene v New York City Hous. Auth.*, 283 AD2d 458, 459 [2001]). Prudenti, P.J., Eng, Hall and Lott, JJ., concur.