■ NYU-HOSPITAL FOR JOINT DISEASES, as Assignee of Francisco Romero, et al., Appellants-Respondents, v AMERICAN INTERNATIONAL GROUP, INC., Also Known as 21ST CENTURY INSURANCE Co., Respondent-Appellant. [936 NYS2d 548]—

The plaintiffs made a prima facie showing that the plaintiff Westchester Medical Center (hereinafter the hospital) was entitled to judgment as a matter of law on the third cause of action to recover no-fault insurance medical payments by submitting evidence that the prescribed statutory billing form had been mailed and received by the defendant insurer, which failed to either pay or deny the claim within the requisite 30-day period (*see* Insurance Law § 5106 [a]; 11 NYCRR 65-3.5; *Westchester Med. Ctr. v Lincoln Gen. Ins. Co.*, 60 AD3d 1045, 1045-1046 [2009]; *Westchester Med. Ctr. v Progressive Cas. Ins. Co.*, 51 AD3d 1014, 1017 [2008]; *New York & Presbyt. Hosp. v Selective Ins. Co. of Am.*, 43 AD3d 1019, 1020 [2007]).

In opposition, the insurer failed to raise a triable issue of fact as to whether it had timely denied the claim. Contrary to the insurer's contention, its letter to the hospital stating that payment of the claim was delayed "pending adjuster's review" and "investigation" did not serve to toll the 30-day statutory period (*see Westchester Med. Ctr. v Lincoln Gen. Ins. Co.*, 60 AD3d at 1046; *Nyack Hosp. v Encompass Ins. Co.*, 23 AD3d 535, 536 [2005]).

Failure to establish timely denial of the claim results in preclusion of the defense that the intoxication of the insured was a contributing cause of the accident (*see Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.*, 90 NY2d 274, 286 [1997]; *Westchester Med. Ctr. v New York Cent. Mut. Fire Ins. Co.*, 81 AD3d 929, 930 [2011]). Accordingly, the Supreme Court should have granted that branch of the hospital's motion which was for summary judgment on the third cause of action. Rivera, J.P., Skelos, Florio and Austin, JJ., concur. **[Prior Case History: 2010 NY Slip Op 30730(U).]**