*843 The plaintiff Westchester Medical Center, as assignee of Arianna Thrasher (hereinafter the appellant), made a prima facie showing of entitlement to judgment as a matter of law by submitting evidence in admissible form that the prescribed statutory billing form had been mailed to and received by the respondent insurer, which failed to either pay or deny the claim within the requisite 30-day period (see Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [c]; Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 114 AD3d 33 [2013]; Westchester Med. Ctr. v Hereford Ins. Co., 95 AD3d 1306, 1306-1307 [2012]; Westchester Med. Ctr. v Lancer Ins. Co., 94 AD3d 984, 984 [2012]; NYU-Hosp. for Joint Diseases v American Intl. Group, Inc., 89 AD3d 702, 703 [2011]; Mount Sinai Hosp. v Country Wide Ins. Co., 85 AD3d 1136, 1137 [2011]; Westchester Med. Ctr. v Lincoln Gen. Ins. Co., 60 AD3d 1045, 1045-1046 [2009]).
Contrary to the Supreme Court’s determination, the respondent, in opposition to the appellant’s prima facie showing, failed to raise a triable issue of fact.
The respondent’s contention that there was a complete absence of coverage that could be asserted as a basis for disclaimer notwithstanding its failure to comply with the 30-day rule set forth in Insurance Law § 5106 (a) and 11 NYCRR 65-3.8 (c) (see generally Fair Price Med. Supply Corp. v Travelers Indem. Co., 10 NY3d 556 [2008]; Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274 [1997]; Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195 [1997]; Zappone v Home Ins. Co., 55 NY2d 131 [1982]), is improperly raised for the first time on appeal, and, therefore, is not properly before this Court.
In light of our determination, we need not reach the plaintiff’s remaining contentions. Mastro, J.P., Dickerson, Sgroi and Hinds-Radix, JJ., concur.