In an action to recover no-fault benefits under a policy of automobile insurance, the defendant appeals from an order of the Supreme Court, Nassau County (Brown, J.), entered December 20, 2011, which granted the motion of the plaintiff Wyckoff Heights Medical Center, as assignee of Aida Ruiz, for summary judgment on the first cause of action.
Ordered that the order is reversed, on the law, with costs, and the motion of the plaintiff Wyckoff Heights Medical Center, as assignee of Aida Ruiz, for summary judgment on its first cause of action is denied.
The plaintiff Wyckoff Heights Medical Center, as assignee of Aida Ruiz (hereinafter the plaintiff), made a prima facie showing of entitlement to judgment as a matter of law on to the first cause of action by submitting evidence that the prescribed statutory billing forms were mailed to and received by the defendant, which failed to either pay or deny the claim within the requisite 30-day period (see Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [c]; Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 278 [1997]; Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 114 AD3d 33 [2013]; Westchester Med. Ctr. v Hereford Ins. Co., 95 AD3d 1306, 1306-1307 [2012]; Westchester Med. Ctr. v Lancer Ins. Co., 94 AD3d 984 [2012]; NYU-Hosp. for Joint Diseases v American Intl. Group, Inc., 89 AD3d 702, 703 [2011]; Mount Sinai Hosp. v Country Wide Ins. Co., 85 AD3d 1136, 1137 [2011]).
*856 However, in opposition, the defendant raised a triable issue of fact as to whether it timely and properly denied the subject claim (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). The defendant submitted evidence showing that it mailed to the plaintiff a denial of claim form NF-10 within the requisite 30-day period (see Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [c]). Although the denial of claim form incorrectly stated the amount of the claim and the amount in dispute, under the circumstances of this case, these minor errors did not render the denial fatally defective and a nullity (see NYU-Hospital for Joint Diseases v Esurance Ins. Co., 84 AD3d 1190, 1191-1192 [2011]; St. Barnabas Hosp. v Penrac, Inc., 79 AD3d 733, 734 [2010]).
Contrary to the plaintiffs contention, the fact that the defendant attached to its denial of claim form an unaffirmed and unsworn peer review report, which contained a stamped facsimile of the physician’s signature and did not comply with CPLR 2106, did not render the denial of claim ineffective, since the defendant was not obligated to submit the peer review report in the first instance (see CPLR 2106; cf. Vista Surgical Supplies, Inc. v Travelers Ins. Co., 50 AD3d 778 [2008]). The relevant no-fault regulations do not require that a denial of claim form be supported by a peer review report or other medical evidence at the time that the denial of claim form is issued (cf. 11 NYCRR 65-3.8). Indeed, this Court has previously held that a defendant is not required to set forth a medical rationale in its denial of claim form (see New York Univ. Hosp. Rusk Inst. v Government Empls. Ins. Co., 39 AD3d 832, 832-833 [2007]; A.B. Med. Servs., PLLC v Liberty Mut. Ins. Co., 39 AD3d 779, 780 [2007]; A.B. Med. Servs., PLLC v GEICO Cas. Ins. Co., 39 AD3d 778, 779 [2007]).
Accordingly, the Supreme Court should have denied the plaintiffs motion for summary judgment on the first cause of action. Rivera, J.P, Chambers, Hall and Miller, JJ., concur.