In an action to recover no-fault benefits under two insurance contracts, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Sher, J.), entered September 21, 2011, as, upon reargument, in effect, vacated the determination in a prior order of the same court entered June 21, 2011, denying that branch of the plaintiffs’ *1013 motion which was for summary judgment on the first cause of action and thereupon granted that branch of the plaintiffs’ motion.
Ordered that the order entered September 21, 2011, is reversed insofar as appealed from, on the law, with costs, and, upon reargument, the determination in the order entered June 21, 2011, denying that branch of the plaintiffs’ motion which was for summary judgment on the first cause of action is adhered to.
The plaintiffs commenced this action to recover, inter alia, the amounts hilled to the defendant for medical services rendered to nonparty Chetanaben Patel, who assigned her no-fault insurance benefits to the plaintiff New York University Hospital-Tisch Institute. Only the first cause of action, related to the Patel claim, is at issue here. The plaintiffs moved for summary judgment on the complaint and, in an order entered June 21, 2011, the Supreme Court denied that branch of the motion which was for summary judgment on the first cause of action. The plaintiffs moved for leave to reargue. The Supreme Court granted the plaintiffs’ motion for leave to reargue, and, upon reargument, granted that branch of their prior motion which was for summary judgment on the first cause of action. The court concluded, upon reargument, that the defendant’s peer review report was “fatally defective” because it failed to satisfy the affirmation requirements of CPLR 2106, and that, in the absence of the peer review report or any other medical evidence, the defendant failed to raise a triable issue of fact in opposition to the plaintiffs’ motion. The defendant appeals.
The plaintiffs established their prima facie entitlement to judgment as a matter of law by submitting proof demonstrating that the prescribed billing forms were mailed to and received by the defendant insurer, and that the insurer failed to either pay or deny the claim within the requisite 30-day period (see Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [a] [1]; Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co., 114 AD3d 33 [2013]; Westchester Med. Ctr. v Hereford Ins. Co., 95 AD3d 1306, 1306-1307 [2012]; NYU-Hosp. for Joint Diseases v American Intl. Group, Inc., 89 AD3d 702, 703 [2011]; Mount Sinai Hosp. v Country Wide Ins. Co., 85 AD3d 1136, 1137 [2011]).
In opposition to the plaintiffs’ prima facie showing, however, the defendant insurer raised a triable issue of fact. A defendant-insurer is required either to pay or deny a claim for no-fault benefits within 30 days of “proof of claim, which shall include verification of all of the relevant information requested” (11 NYCRR 65-3.8 [a] [1]; see Insurance Law § 5106 [a]; Presbyte *1014 rian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274, 278 [1997]; Hospital for Joint Diseases v New York Cent. Mut. Fire Ins. Co., 44 AD3d 903, 903-904 [2007]; New York & Presbyt. Hosp. v Allstate Ins. Co., 30 AD3d 492, 493 [2006]; Nyack Hosp. v State Farm Mut. Auto. Ins. Co., 11 AD3d 664, 665 [2004]). “When a no-fault claim has been assigned to a hospital or medical provider and the hospital or medical provider sends an N-F 5 form to the no-fault insurer, the no-fault insurer’s receipt of an N-F 5 form triggers the running of the 30-day period within which the insurer has a duty to pay or to deny the claim, or to seek verification of it” (Sound Shore Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 106 AD3d 157, 163 [2013]; see Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d 312, 317 [2007]). “Subsequent to the receipt of the N-F 5 form, if the insurer requires any additional information to evaluate the proof of claim, such request for verification must be made within 15 business days of the receipt of the N-F 5 form in order to toll the 30-day period” (Sound Shore Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 106 AD3d at 163; see 11 NYCRR 65-3.5 [b]; Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d at 317). A proper request for verification will serve to toll the 30-day statutory time period for payment of the claim (see Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d at 317; New York & Presbyt. Hosp. v Allstate Ins. Co., 30 AD3d at 493; Hospital for Joint Diseases v ELRAC, Inc., 11 AD3d 432, 434 [2004]). Here, the evidence submitted by the defendant demonstrated that it received the last of the responses to its requests for additional verification on December 21, 2010, at which time the 30-day period within which it was required to pay or deny the claim began to run. The defendant issued a denial of claim dated January 19, 2011, 29 days later. Thus, in opposition to the plaintiffs’ prima facie showing, the defendant raised a triable issue of fact as to whether it denied the plaintiffs’ claim within the requisite 30-day period, as tolled by its requests for additional verification (see generally Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d at 317; Sound Shore Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 106 AD3d at 163; see also 11 NYCRR 65-3.5 [b]). Contrary to the Supreme Court’s determination, the defendant was not required to set forth a medical rationale in its denial of claim form or, in the absence of a written request, to furnish a copy of the peer review report, in admissible form or otherwise (see New York Univ. Hosp. Rusk Inst. v Government Empls. Ins. Co., 39 AD3d 832, 832-833 [2007]; see also A.B. Med. Servs., PLLC v Liberty Mut. Ins. Co., 39 AD3d 779, 780-781 [2007]; A.B. Med. Servs., PLLC v GEICO Cas. Ins. Co., 39 AD3d 778, 779 [2007]; 11 NYCRR 65-3.8 [b] [4]).
*1015 Accordingly, the Supreme Court, upon reargument, should have adhered to its prior determination denying that branch of the plaintiffs’ prior motion which was for summary judgment on the first cause of action.
Skelos, J.E, Balkin, Dickerson and Hinds-Radix, JJ., concur.