■ ARNICA ACUPUNCTURE PC, as Assignee of Palmer Marjorie, Respondent, v INTERBOARD INSURANCE COMPANY, Appellant. [25 NYS3d 868]—

Order of the Appellate Term of the Supreme Court, First Department, entered April 17, 2014, which, to the extent appealed from as limited by the briefs, affirmed the part of an order of the Civil Court, Bronx County (Joseph E. Capella, J.), entered September 5, 2013, denying defendant's motion for summary judgment dismissing the complaint or, in the alternative, to compel plaintiff to produce its principal for deposition, unanimously reversed, on the law, without costs, and defendant's motion for summary judgment granted. The Clerk is directed to enter judgment dismissing the complaint.

Contrary to the Appellate Term's finding, plaintiff's supervising acupuncturist's affidavit failed to raise a triable issue since it was not based on an examination of the patient, nor did it address or rebut the findings of objective medical tests detailed in the sworn report of defendant's medical expert. The insured's subjective complaints of pain cannot overcome objective medical tests (*see Rummel G. Mendoza, D.C., P.C. v Chubb Indem. Ins. Co.*, 47 Misc 3d 156[A], 2015 NY Slip Op 50900[U] [App Term, 1st Dept 2015]; *see generally Munoz v Hollingsworth*, 18 AD3d 278 [1st Dept 2005]). Concur—Acosta, J.P., Renwick, Andrias and Moskowitz, JJ.