PR Medical, P.C., a/a/o Tracey Hester, Plaintiff-Appellant, 
against
Praetorian Insurance Company, Defendant-Respondent.



Plaintiff, as limited by its brief, appeals from so much of an order of the Civil Court of the City of New York, New York County (Gerald Lebovits, J.), entered March 30, 2015, which, upon reargument, adhered to a prior order granting defendant's motion for summary judgment dismissing the complaint and denying plaintiff's cross motion for summary judgment on its claims in the amount of $2,005.25.




Per Curiam.
Order (Gerald Lebovits, J.), entered March 30, 2015, insofar as appealed from, reversed, without costs, defendant's motion for summary judgment denied, complaint reinstated, and plaintiff's cross motion for summary judgment in the principal amount of $2,005.25 granted.
While the motion court purported to deny plaintiff's motion for reargument, the merits of the motion were addressed and the court, in effect, granted reargument, even though it ultimately adhered to its original determination (see Jackson v Leung, 99 AD3d 489, 490 [2012]; Matter of State Farm Mut. Auto Ins. Co. v King, 304 AD2d 390 [2003]). Thus, the March 30, 2015 order is appealable.
Turning to the merits, plaintiff established prima facie that its no-fault claims in the amount of $2,005.25 were overdue, since they were not "denied or paid" within the prescribed 30-day period (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins, Co., 25 NY3d 498, 507 [2015]). In opposition, defendant failed to raise a triable issue as to whether it had timely denied the claims (see NYU-Hosp. for Joint Diseases v American Intl. Group, Inc., 89 AD3d 702, 703 [2011]). Contrary to Civil Court's determination, defendant's letter stating, in essence, that payment was delayed pending independent medical examinations (IMEs) of plaintiff's assignor did not serve to toll the 30-day statutory period (id.). Nor has defendant otherwise raised a triable issue as to whether the 30-day period was tolled by verification requests that preceded its receipt of the underlying claims (see Sound Shore Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 106 AD3d 157, 164 [2013]). 
Inasmuch as the claims at issue were not timely denied, defendant is precluded from [*2]asserting its defense of lack of medical necessity (see Country-Wide Ins. Co. v Zablozki, 257 AD2d 506 [1999], lv denied 93 NY2d 809 [1999]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 21, 2016