TC Acupuncture, P.C., a/a/o Yvette Dessin, Plaintiff-Appellant, 
against
Tri-State Consumer Ins. Co. Defendant-Respondent.



Plaintiff appeals from an order of the Civil Court of the City of New York, New York County (James E. d'Auguste, J.), entered August 7, 2013, which granted defendant's motion for summary judgment dismissing the complaint.




Per Curiam.
Order (James E. d'Auguste, J.), entered August 7, 2013, modified by reinstating plaintiff's claims for first-party no-fault benefits for services rendered July 1, 2010 through July 8, 2010; as modified, order affirmed, with $10 costs.
Defendant made a prima facie showing of entitlement to partial summary judgment dismissing plaintiff's no-fault claims for services rendered July 12, 2010 through August 31, 2010, by demonstrating that it timely and properly denied the claims based on the June 17, 2010 independent medical examination (IME) report of its examining doctor, which set forth a sufficient basis and medical rationale for the conclusion that there was no need for further acupuncture treatment (see AutoOne Ins./Gen. Assur. v Eastern Is. Med. Care, P.C., 136 AD3d 722 [2016]). Plaintiff's opposition consisting of an attorney's affirmation unaccompanied by any medical evidence or other competent proof was insufficient to raise a triable issue as to medical necessity (see Diagnostic Medicine, P.C. v Clarendon Natl. Ins. Co., 34 Misc 3d 143[A], 2012 NY Slip Op 50102[U][App Term, 1st Dept. 2012]). The assignor's subjective complaints of pain cannot overcome the objective medical tests detailed in the affirmed report of defendant's examining doctor (see Arnica Acupuncture PC v Interboard Ins. Co., 137 AD3d 421 [2016]). 
Triable issues remain, however, in connection with plaintiff's claims for services rendered July 1, 2010 through July 8, 2010. While the record reflects that defendant properly paid a portion of the submitted claims pursuant to the workers' compensation fee schedule (see Akita Med. Acupuncture, P.C. v Clarendon Ins. Co., 41 Misc 3d 134[A], 2013 NY Slip Op 51860[U] [App Term, 1st Dept. 2013]), triable issues remain with respect to the claims denied outright by defendant. Defendant's position that the charges billed under CPT Code 97039 are not reimbursable because plaintiff is not licensed to provide physical medicine modalities is unpersuasive (see Forrest Chen Acupuncture Servs. P.C. v GEICO Ins. Co., 54 AD3d 996 [2008]; VS Care Acupuncture v State Farm Mut. Auto. Ins. Co., 46 Misc 3d 141[A], 2015 NY Slip Op 50164[U][App Term, 1st Dept. 2014]; Sunrise Acupuncture PC v Tri-State Consumer [*2]Ins. Co., 42 Misc 3d 151[A], 2014 NY Slip Op 50435[U][App Term, 1st Dept. 2014]), and defendant's submissions were insufficient to demonstrate prima facie that the claims were properly denied in accordance with Physical Medicine Ground Rule 11.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 27, 2016