JYW Medical, P.C. and Vital Function Physician Services, P.C., as Assignees of Elina Nisuyeva, Respondents,
against
IDS Property Insurance Company, Appellant.




Bruno, Gerbino & Soriano, LLP (Mitchell L. Kaufman, Esq.), for appellant.
Anna Rusanov, Esq., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Carol Ruth Feinman, J.), entered December 9, 2014. The order granted plaintiffs' motion for summary judgment and denied defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is modified by providing that the branch of plaintiffs' motion seeking summary judgment upon so much of the complaint as sought to recover upon the claims submitted by plaintiff Vital Function Physician Services, P.C. is denied and the branch of defendant's cross motion seeking summary judgment dismissing that portion of the complaint is granted; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiffs moved for summary judgment. Defendant cross-moved for summary judgment dismissing the complaint on the ground that neither plaintiff had appeared for duly scheduled examinations under oath (EUOs). By order entered December 9, 2014, the Civil Court granted plaintiffs' motion and denied defendant's cross motion, finding that defendant's denial of claim forms were improper since they did not set forth the dates of the EUOs for which plaintiffs had failed to appear.
Defendant's cross motion established that EUO scheduling letters had been timely mailed [*2]to plaintiff Vital Function Physician Services, P.C. (Vital Function) (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]) and that Vital Function had failed to appear for the duly scheduled EUOs (see Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]). Thus, defendant demonstrated that Vital Function had failed to comply with a condition precedent to coverage (see id. at 722). As defendant timely denied (see St. Vincent's Hosp. of Richmond, 50 AD3d 1123) Vital Function's claims on that ground, and Vital Function failed to raise a triable issue of fact in opposition to defendant's cross motion, the branch of defendant's cross motion seeking summary judgment dismissing so much of the complaint as sought to recover upon the claims submitted by Vital Function should have been granted. We note that a denial of claim form based upon the failure to appear for scheduled EUOs need not set forth the dates of the EUOs (see New York Univ. Hosp.-Tisch Inst. v Government Empls. Ins. Co., 117 AD3d 1012 [2014] [insurer not required to set forth medical rationale in its denial of claim form]; see also New York Univ. Hosp. Rusk Inst. v Government Empls. Ins. Co., 39 AD3d 832, 833 [2007] ["Had it been the intent of the Department of (Financial Services) to require the carrier to set forth a medical rationale in the prescribed denial of claim form . . ., it would have so provided"]; A.B. Med. Servs., PLLC v Liberty Mut. Ins. Co., 39 AD3d 779 [2007]). 
However, contrary to defendant's contention, defendant did not establish its entitlement to summary judgment dismissing the claims sent by plaintiff JYW Medical, P.C. (JYW) based on JYW's failure to appear for duly scheduled EUOs, as the record establishes that the first EUO scheduling letter sent to JYW had been sent more than 30 days after defendant had received JYW's claims. As a result, the EUO scheduling letters were nullities as to those claims (see Neptune Med. Care, P.C. v Ameriprise Auto & Home Ins., 48 Misc 3d 139[A], 2015 NY Slip Op 51220[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; O & M Med., P.C. v Travelers Indem. Co., 47 Misc 3d 134[A], 2015 NY Slip Op 50476[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Consequently, defendant has failed to demonstrate any basis to disturb the order insofar as it granted the branch of plaintiffs' motion seeking summary judgment upon the claims submitted by JYW and denied the branch of defendant's cross motion seeking summary judgment dismissing that portion of the complaint.
Accordingly, the order is modified by providing that the branch of plaintiffs' motion seeking summary judgment upon so much of the complaint as sought to recover upon the claims submitted by plaintiff Vital Function Physician Services, P.C. is denied and the branch of defendant's cross motion seeking summary judgment dismissing that portion of the complaint is granted.
PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 19, 2017