Forest Drugs a/a/o Uddin Kamar, Plaintiff-Respondent, 
against
Global Liberty Insurance Company of New York, Defendant-Appellant.



Defendant appeals from so much of an order of the Civil Court of the City of New York, New York County (Joan M. Kenney, J.), entered December 18, 2017, that denied, in part, its motion for summary judgment dismissing the complaint.




Per Curiam.
Order (Joan M. Kenney, J.), entered December 18, 2017, insofar as appealed from, reversed, with $10 costs, motion granted in its entirety, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.
The defendant-insurer made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that it timely denied plaintiff's first-party no-fault claims based on an affirmed independent examination report [IME] of its examining orthopedist, which set forth a factual basis and medical rationale for his stated conclusion that the assignor's injuries were resolved and that there was no need for further treatment (see Mingmen Acupuncture Servs., PC v Global Liberty Ins. Co. of NY, 61 Misc 3d 128[A], 2018 NY Slip Op 51358[U] [App Term, 1st Dept 2018]; Rummel G. Mendoza, D.C., P.C. v Chubb Indem. Ins. Co., 47 Misc 3d 156[A], 2015 NY Slip Op 50900[U][App Term, 1st Dept 2015]).
In opposition, the medical affirmation submitted by plaintiff failed to raise a triable issue since it was not based on an examination of the assignor, nor did it meaningfully rebut the findings of defendant's examining physician (see Arnica Acupuncture PC v Interboard Ins. Co., 137 AD3d 421 [2016]; Rummel G. Mendoza, D.C., P.C. v Chubb Indem. Ins. Co., 47 Misc 3d 156[A]). Nor did the assignor's subjective complaints of pain overcome the objective medical tests detailed in the IME report (see Arnica Acupuncture PC v Interboard Ins. Co., 137 AD3d 421).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 29, 2018