■ Mercury Casualty Co., Appellant, v Encare, Inc., as Assignee of Robert Manley, Respondent. [934 NYS2d 390]—

The trial court properly dismissed the complaint on the ground that a no-fault insurer who issues the denial of a claim in an untimely or otherwise defective manner is prohibited from challenging the claim (*see* Insurance Law § 5106; 11 NYCRR 65-3.8 [c]; *Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.*, 90 NY2d 274 [1997]).

We are unpersuaded by Mercury's effort to fit this case within the narrow exception for denials based on lack of coverage (*see Central Gen. Hosp. v Chubb Group of Ins. Cos.*, 90 NY2d 195 [1997]). *Central General Hospital* and its progeny address situations in which "[the] lack of coverage defense [is] premised on the fact or founded belief that the alleged injury does not arise out of an insured incident" (90 NY2d at 199).

Nor do we find it significant, in light of the genesis and purposes of the preclusion rule, that Insurance Law § 5108 prohibits a medical provider from seeking fees in excess of the fee schedule. Virtually every application of the preclusion rule involves the compromise of statute, policy provision, or judge-made rule in service of effectuating the important purposes of the No-Fault Law. The expansion of the lack of coverage exception proposed by Mercury would substantially weaken the long-established rule of preclusion.

Accordingly, the trial court's order is affirmed. Concur—Gonzalez, P.J., Friedman, Moskowitz, Acosta and Richter, JJ.
**[Prior Case History: 2011 NY Slip Op 32166(U).]**