In an action to recover no-fault benefits under an insurance contract, the plaintiff appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Sher, J.), entered September 1, 2011, as denied its motion for summary judgment on the complaint.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiffs motion for summary judgment on the complaint is granted.
The plaintiff made a prima facie showing of entitlement to judgment as a matter of law by submitting evidence that the prescribed statutory billing form had been mailed to and received by the defendant insurer, which failed to either pay or deny the claim within the requisite 30-day period (see Insurance *1307 Law § 5106 [a]; 11 NYCRR 65-3.8 [c]; NYU-Hosp. for Joint Diseases v American Inti. Group, Inc., 89 AD3d 702, 703 [2011]; Mount Sinai Hosp. v Country Wide Ins. Co., 85 AD3d 1136, 1137 [2011]; Westchester Med. Ctr. v Lincoln Gen. Ins. Co., 60 AD3d 1045, 1045-1046 [2009]).
In opposition to the plaintiffs motion, the defendant failed to raise a triable issue of fact. A presumption of receipt was created by the certified mail receipt and the signed return receipt card, such that the defendant’s mere denial of receipt was insufficient to raise a triable issue of fact (see New York & Presbyt. Hosp. v Countrywide Ins. Co., 44 AD3d 729, 730-731 [2007]; Westchester Med. Ctr. v Liberty Mut. Ins. Co., 40 AD3d 981, 982-983 [2007]). Further, the defendant’s failure to respond to the no-fault billing within the requisite 30-day period precluded it from raising the defenses that it was not provided with timely notice of the underlying motor vehicle accident or proof of claim (see Bayside Rehab & Physical Therapy, P.C. v GEICO Ins. Co., 24 Misc 3d 542, 545 [2009]; Rockman v Clarendon Natl. Ins. Co., 21 Misc 3d 1118[A], 2008 NY Slip Op 52093[U] [Civ Ct, Richmond County 2008]; Vincent Med. Servs., P.C. v New York Cent. Mut. Fire Ins. Co., 21 Misc 3d 142[A], 2008 NY Slip Op 52442[U] [App Term, 2d Dept 2008]). Finally, although the defense of lack of coverage is not precluded by the defendant’s failure to pay or deny the subject no-fault claim within the requisite 30-day period (see Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co., 9 NY3d 312, 318 [2007]; Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199 [1997]), here, the defendant’s submissions were insufficient to raise triable issues of fact with respect to a lack of coverage defense (see Mercury Cas. Co. v Encare, Inc., 90 AD3d 475 [2011]; D.S. Chiropractic, P.C. v Country-Wide Ins. Co., 24 Misc 3d 138[A], 2009 NY Slip Op 51584[U] [App Term, 2d Dept 2009]). Accordingly, the Supreme Court should have granted the plaintiffs motion for summary judgment on the complaint. Rivera, J.P., Belen, Sgroi and Miller, JJ., concur. [Prior Case History: 2011 NY Slip Op 32398(U).]