■ MERIDIAN ACUPUNCTURE CARE, Appellant, v GEICO INSURANCE COMPANY, Respondent. [818 NYS2d 564]—

In a proposed class action by individual insureds or their assignees, inter alia, in effect, to recover payments for acupuncture treatments, the plaintiff appeals from an order of the Supreme Court, Nassau County (Warshawsky, J.), entered January 12, 2005, which, among other things, granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed, with costs.

The Supreme Court properly dismissed the complaint for failure to state a cause of action (*see* CPLR 3211 [a] [7]). The plaintiff's claims are based on the erroneous proposition that New York Insurance Department regulation 68 (11 NYCRR part 65) requires the defendant to use only physicians licensed as acupuncturists to conduct independent medical examinations of patients who have received acupuncture treatment. The regulation contains no such requirement (*see* 11 NYCRR 65-1.1). Furthermore, contrary to the plaintiff's contentions, no license or certification is required for a physician conducting an independent medical examination of a patient who has received acupuncture treatment, and such a physician is not engaged in the practice of acupuncture (*see* Education Law §§ 6521, 8211 [1] [a]; *Savarese v Allstate Ins. Co.,* 287 AD2d 492 [2001]).

In light of this determination, the parties' remaining contentions need not be reached. Schmidt, J.P., Santucci, Luciano and Rivera, JJ., concur.