OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits for psychological services rendered to its assignors, defendant moved for summary judgment dismissing the complaint based upon, among other things, the failure of plaintiffs assignors to attend independent medical examinations (IMEs) by a psychologist, which were scheduled by Hudson Valley Medical Consultants (HVMC). The Civil Court granted defendant’s motion, and this appeal by plaintiff ensued.
It is uncontested that defendant established that the IME requests were timely mailed in accordance with HVMC’s standard office practices and procedures and that the assignors failed to appear for the IMEs (see St. Vincent’s Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]; Stephen Fogel Psychological, P.C. v Progressive Cas. Ins. Co., 35 AD3d 720 [2006]; Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679 [2001]; Delta Diagnostic Radiology, P.C. v Chubb Group of Ins., 17 Misc 3d 16 [App Term, 2d & 11th Jud Dists 2007]). However, plaintiff contends that defendant’s insurance policy, which incorporates the language of the mandatory personal injury protection endorsement (Insurance Department Regulations [11 NYCRR] § 65-1.1), requires that IMEs of eligible injured persons (EIPs) be conducted only by physicians, to the exclusion of other health care providers, even when the health services for which first-party no-fault benefits are sought were provided by nonphysicians. In rejecting plaintiffs contention, the Civil Court relied on an opinion of the State Insurance Department, dated March 12, 2004 (see 2004 Ops Gen Counsel NY Ins Dept No. 04-03-10). We find that the Insurance Department Regulations Implementing the Comprehensive Motor Vehicle Insurance Reparations Act (11 NYCRR part 65), read as a whole, in accordance with the rules of construction, and the State Insurance Department’s opinion, to which we accord great *92 deference, lead to the conclusion that the requirement that an EIP submit to medical examinations, as set forth in the mandatory personal injury protection endorsement (Insurance Department Regulations [11 NYCRR] § 65-1.1), should not be limited strictly to examinations by physicians. Thus, in the instant matter, we find that the psychologist retained by defendant could properly have conducted the IMEs of plaintiffs assignors, who had received psychological treatment (see generally Stephen Fogel Psychological, P.C., 35 AD3d at 722; Meridian Acupuncture Care v Geico Ins. Co., 31 AD3d 509 [2006]). A contrary conclusion would frustrate the core objective of the no-fault scheme by limiting the universe of health care providers who can perform IMEs to physicians, thereby delaying the processing of no-fault claims (see also Stephen Fogel Psychological, P.C., 35 AD3d at 722). Therefore, we find that defendant properly denied plaintiffs claims based on its assignors’ failure to satisfy a condition precedent to coverage.
Accordingly, the Civil Court’s order granting defendant’s motion for summary judgment dismissing the complaint is affirmed.
Colla, J.P, Pesce and Steinhardt, JJ., concur.