OPINION OF THE COURT
Memorandum.
Ordered that the judgment is reversed, without costs, so much of the order as granted defendant’s cross motion for summary judgment dismissing the complaint is vacated, and defendant’s cross motion is denied.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint, claiming that it had timely denied reimbursement for the acupuncture services in question based on an independent medical examination by its neurologist, who had found a lack of medical necessity for further treatment. The Civil Court, finding that plaintiff had failed to raise a triable issue of fact, denied plaintiffs motion and granted defendant’s cross motion. This appeal by plaintiff ensued. A judgment was subsequently entered, from which the appeal is deemed to have been taken {see CPLR 5501 [c]).
Although plaintiff contends that defendant’s neurologist was not competent to give an opinion on the medical necessity of the acupuncture services rendered, we note that the Insurance Department has stated in an opinion letter, to which we must accord great deference {see LMK Psychological Servs., PC. v State Farm Mut. Auto. Ins. Co., 12 NY3d 217 [2009]; see also Allstate Social Work & Psychological Servs., PLLC v Utica Mut. Ins. Co., 30 Misc 3d 90 [App Term, 2d, 11th & 13th Jud Dists 2011]), that there is no requirement that a claim denial be based upon a medical examination conducted by a health provider of the same specialty area as the treating provider {see 2004 Ops Gen Counsel NY Ins Dept No. 04-03-10 [Mar. 2004]). As there was a factual basis and medical rationale for the doctor’s determination that there was a lack of medical necessity for the acupuncture services provided to plaintiffs assignor {see Delta Diagnostic Radiology, P.C. v Integon Natl. Ins. Co., 24 Misc 3d 136[A], 2009 NY Slip Op 51502[U] [App Term, 2d, 11th & 13th Jud Dists 2009]; Delta Diagnostic Radiology, P.C. v American Tr. Ins. Co., 18 Misc 3d 128[A], 2007 NY Slip Op 52455[U] [App Term, 2d & 11th Jud Dists 2007]), the burden shifted to plaintiff *57 to rebut defendant’s prima facie showing (see Alur Med. Supply, Inc. v Clarendon Natl. Ins. Co., 27 Misc 3d 132[A], 2010 NY Slip Op 50700[U] [App Term, 2d, 11th & 13th Jud Dists 2010]; Pan Chiropractic, PC. v Mercury Ins. Co., 24 Misc 3d 136[A], 2009 NY Slip Op 51495[U] [App Term, 2d, 11th & 13th Jud Dists 2009]).
Upon a review of the record, we find that the affidavit of plaintiffs treating acupuncturist was sufficient to raise a triable issue of fact as to whether the acupuncture services rendered to plaintiff’s assignor were medically necessary (see Quality Psychological Servs., P.C. v Mercury Ins. Group, 27 Misc 3d 129[A], 2010 NY Slip Op 50601[U] [App Term, 2d, 11th & 13th Dists 2010]). Accordingly, the judgment dismissing plaintiffs complaint is reversed, so much of the order as granted defendant’s cross motion for summary judgment dismissing the complaint is vacated, and defendant’s cross motion for summary judgment is denied.
Pesce, PJ., Rios and Steinhardt, JJ., concur.