■ AUTOONE INSURANCE/GENERAL ASSURANCE, Appellant, v EASTERN ISLAND MEDICAL CARE, P.C., as Assignee of Juana Coyotl, Respondent. [24 NYS3d 730]—

In an action for a judgment declaring that the plaintiff is not obligated to pay certain no-fault insurance claims submitted by the defendant, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Bruno, J.), entered November 17, 2014, as denied its motion for summary judgment on the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On March 25, 2012, Juana Coyotl was injured in an automobile accident. At the time of her accident, Coyotl was insured under an automobile liability policy issued by the plaintiff, which contained a "no-fault" provision covering any necessary expenses incurred by Coyotl as a result of such an accident. Coyotl assigned these insurance benefits to the defendant, which provided her with medical treatment for the injuries she sustained in the accident. The defendant then billed the plaintiff for the costs of treating Coyotl, but the plaintiff denied the defendant's claims on the ground that the services rendered were not medically necessary.

The plaintiff subsequently commenced this action seeking a declaration that it was not obligated to pay the defendant for no-fault benefits relating to Coyotl's treatment, since those services were not medically necessary. The plaintiff moved for summary judgment, contending that its denials of coverage were properly and timely sent to the defendant, and that the treatment rendered to Coyotl by the defendant was not medically necessary. The Supreme Court denied the motion.

Contrary to the Supreme Court's determination, the affidavit

of the plaintiff's branch manager, submitted by the plaintiff in support of its motion for summary judgment, was sufficient to establish, prima facie, that its denial of claim forms were timely mailed in accordance with the plaintiff's standard and appropriate office mailing practices and procedures (*see Preferred Mut. Ins. Co. v Donnelly*, 22 NY3d 1169 [2014]; *cf. Progressive Cas. Ins. Co. v Infinite Ortho Prods., Inc.*, 127 AD3d 1050, 1051 [2015]). In opposition, the defendant failed to raise a triable issue of fact as to the timeliness of the denial of claim.

Furthermore, with respect to the medical necessity of the services provided by the defendant, the plaintiff submitted affirmed medical evaluations which made a prima facie showing that the services at issue were not medically necessary (*see Gaetane Physical Therapy, P.C. v Great N. Ins. Co.*, 47 Misc 3d 145[A], 2015 NY Slip Op 50698[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; *Dr. Todd Goldman, D.C., P.C. v Kemper Cas. Ins. Co.*, 36 Misc 3d 153[A], 2012 NY Slip Op 51713[U] [App Term, 2d Dept, 11th & 13th Jud Dists 2012]).

However, in opposition to the motion, the defendants submitted affidavits and various medical records relating to Coyotl's treatment which were sufficient to raise a triable issue of fact as to the necessity of that treatment (*see Westcan Chiropractic, P.C. v Hertz Claim Mgt.*, 48 Misc 3d 133[A], 2015 NY Slip Op 51066[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; *Meridian Acupuncture Care, P.C. v Mercury Cas. Co.*, 47 Misc 3d 143[A], 2015 NY Slip Op 50681[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; *Fine Healing Acupuncture, P.C. v Country-Wide Ins. Co.*, 33 Misc 3d 55 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment, as further proceedings are necessary to determine the issue of the medical necessity of the treatment rendered to Coyotl.

The plaintiff's remaining contentions are without merit. Mastro, J.P., Hall, Maltese and LaSalle, JJ., concur.