Lotus Acupuncture PC a/a/o Marilyn Rivera, Plaintiff-Appellant, 
against
Unitrin Advantage Ins. Co., Defendant-Respondent.



Plaintiff appeals from an order of the Civil Court of the City of New York, New York County (Debra Rose Samuels, J.) dated April 4, 2014, which granted defendant's motion for summary judgment dismissing the complaint.




Per Curiam.
Order (Debra Rose Samuels, J.) dated April 4, 2014, reversed, with $10 costs, defendant's motion denied, and the complaint reinstated. 
The defendant-insurer's motion for summary judgment dismissing this first-party no-fault action should have been denied. Initially, we note that Civil Court correctly determined that defendant's documentary submissions were sufficient to establish, prima facie, that its denial of claim forms were timely and properly mailed (see Preferred Mut. Ins. Co. v Donnelly, 22 NY3d 1169 [2014]; AutoOne Ins./General Assurance v Eastern Island Med. Care, P.C., 136 AD3d 722 [2016]), and that the peer review reports of defendant's acupuncturist were in admissible form (see Furtow v Jenstro Enters., Inc., 75 AD3d 494, 495 [2010]; Collins v AA Trucking Renting Corp., 209 AD2d 363 [1994]).However, the peer review report pertaining to acupuncture services rendered November 19, 2007 through November 29, 2007, failed to make a prima facie showing that the services rendered during this time frame were not medically necessary. The peer reviewer's assertion, in effect, that the documentation submitted for his review lacked "supportive information" was insufficient to sustain defendant's burden of eliminating all triable issues as to medical necessity (see Amherst Med. Supply, LLC v New York Cent. Mut. Fire Ins. Co., 39 Misc 3d 135[A], 2013 NY Slip Op 50586[U][App Term, 1st Dept 2013]). Moreover, inasmuch as the peer reviewer did not address plaintiff's claim for services rendered January 2, 2008, and "stopped short of concluding that the assignor's medical condition could never be shown to warrant further acupuncture treatment," his report cannot properly form the basis for denial of this claim (see Shirom Acupuncture, P.C. v Kemper Independence Ins. Co., 44 Misc 3d 144[A], [*2]2014 NY Slip Op 51407[U][App Term, 1st Dept. 2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 18, 2016