Healthplus Surgery Ctr., LLC v Global Liberty Ins. Co. of N.Y. (2020 NY Slip Op 03772)





Healthplus Surgery Ctr., LLC v Global Liberty Ins. Co. of N.Y.


2020 NY Slip Op 03772


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-08941
 (Index No. 708453/18)

[*1]Healthplus Surgery Center, LLC, etc., respondent,
v
Global Liberty Insurance Company of New York, appellant.


Law Office of Jason Tenenbaum, P.C., Garden City, NY (Shaakee Bhuiyan of counsel), for appellant.
Baker & Cantin, P.C., Rego Park, NY (Elyse Ulino of counsel), for respondent.



DECISION & ORDER
In an action to recover first-party no-fault benefits for medical services rendered, the defendant appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered June 20, 2019. The order denied that branch of the defendant's motion which was for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff, a New Jersey medical provider, commenced this action to recover first-party no-fault benefits against the defendant, an insurance company, alleging it provided medical services to an individual (hereinafter the insured) who was injured in a motor vehicle accident and insured by the defendant. The plaintiff also alleged that the insured assigned first-party no fault benefits to it but that the defendant had failed to pay for the medical services provided by the plaintiff to the insured. The defendant moved, inter alia, for summary judgment dismissing the complaint, contending that the claimed expenses were not medically necessary and that the claim for one particular expense was not reimbursable under the applicable New Jersey medical fee schedule for Automobile Insurance Personal Injury Protection and Motor Bus Medical Expense Insurance Coverage (see NJAC 11:3-29.5). The parties agree that because the medical services were provided in New Jersey, the New Jersey fee schedule applies. By order entered June 20, 2019, the Supreme Court denied the motion. The defendant appeals, and we affirm.
"[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324; see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). "Failure to make such prima facie showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (Alvarez v Prospect Hosp., 68 NY2d at 324; see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
Here, the defendant made a prima facie showing that the services provided were not [*2]medically necessary and that the disputed surgical device was not reimburseable by submitting, inter alia, a peer review report, an independent medical examination report, and medical documentation (see AutoOne Ins./Gen. Assur. v Eastern Is. Med. Care, P.C., 136 AD3d 722, 723). In opposition, however, the plaintiff submitted an expert affidavit opining as to the medical necessity of the services based on, among other things, MRI results and findings made during the surgical procedure at issue. These submissions raised a triable issue of fact as to medical necessity (see AutoOne Ins./Gen. Assur. v Eastern Is. Med. Care, P.C., 136 AD3d at 723; Excel Surgery Ctr., LLC v Hertz Claim Mgt. Corp., 58 Misc 3d 145[A], 2017 NY Slip Op 5195[U], *1 [App Term, 2d Dept 9th & 10th Jud Dists]). The plaintiff also raised a triable issue of fact as to whether the disputed device qualified for reimbursement under the New Jersey Administrative Code § 11:3-29.4(f)(8).
Accordingly, we agree with the Supreme Court's determination denying the defendant's motion for summary judgment dismissing the complaint.
RIVERA, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court