OPINION OF THE COURT
Memorandum.
Ordered that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for a new trial.
In this action by a provider to recover assigned first-party no-fault benefits, the sole issue for trial, pursuant to a previously entered order, was whether the medical equipment supplied to plaintiffs assignor was medically necessary. Prior to the commencement of the nonjury trial, plaintiff moved “to preclude defendant’s doctor based on an inability of defendant” to, in essence, establish the reliability of the medical records reviewed by defendant’s peer review doctor. The Civil Court ruled that defendant’s doctor would not be permitted to testify as to the contents of the medical records he had reviewed. Thus, the court opined, “the peer review doctor could not testify as to the medical basis for his opinion that the services [sic] were not medically necessary.” Accordingly, the Civil Court granted plaintiffs motion for a directed verdict and entered judgment for plaintiff in the principal sum of $1,142.25.
Defendant’s doctor should have been permitted to testify as to his medical opinion regarding the medical necessity of the equipment at issue. Although defendant’s doctor had reviewed medical records that had been submitted to defendant by the assignor’s various health care providers, the purpose of defendant’s doctor’s testimony was not to establish, for example, the injury to plaintiffs assignor or to prove that the assignor had received the equipment for which plaintiff is billing in this case (see Urban Radiology, P.C. v Tri-State Consumer Ins. Co., 27 Misc 3d 140[A], 2010 NY Slip Op 50987[U] [App Term, 2d, 11th & 13th Jud Dists 2010]; see also Elmont Open MRI & Diagnostic Radiology, P.C. v New York Cent. Mut. Fire Ins. Co., 30 Misc 3d 126[A], 2010 NY Slip Op 52222[U] [App Term, 9th & 10th Jud Dists 2010]; cf. e.g. Hambsch v New York City Tr. Auth., 63 NY2d 723 [1984]; Wagman v Bradshaw, 292 AD2d 84 [2002]). *31 It is not defendant’s burden to prove these facts. Defendant’s position in this litigation was that, assuming that the contents of all of the records were true, including the statements as to the assignor’s alleged injuries, there was, nonetheless, still no medical necessity for the equipment provided to the assignor. To that extent, defendant’s doctor should have been permitted to testify as to the contents of the record he had reviewed. However, as defendant’s doctor did not have to establish the truth of the facts set forth in those records, defendant did not have to establish the reliability of the assignor’s medical records, and plaintiffs objection lacked merit. Accordingly, defendant’s doctor should have been allowed to testify as to his opinion that the equipment was not medically necessary.
We note that plaintiff, who had every opportunity to employ discovery to obtain all the medical records reviewed by defendant’s doctor, was free to, among other things, use such records to impeach the witness to the extent plaintiff considered defendant’s witness’s characterization of the contents of those records inaccurate. Similarly, plaintiff was free to cross-examine the witness as to his conclusion that the equipment was not medically necessary, or to offer rebuttal witnesses.
Finally, we further note that, to the extent the documents objected to by plaintiff were plaintiff provider’s own medical records, plaintiff could not, in any event, have objected to their admissibility on the ground that such records are not professionally reliable (see PLP Acupuncture, P.C. v Progressive Cas. Ins. Co., 22 Misc 3d 142[A], 2009 NY Slip Op 50491 [U] [App Term, 2d, 11th & 13th Jud Dists 2009]).
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new trial.
Steinhardt, J.E, Pesce and Weston, JJ., concur.