OPINION OF THE COURT
Memorandum.
Ordered that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for a new trial.
In this action by a provider to recover assigned first-party no-fault benefits, the Civil Court, by order entered April 28, 2008, limited the trial to the issue of the medical necessity of the supplies provided. At the nonjury trial, defendant proffered the testimony of Dr. Susan Corcoran, the physician who had prepared the peer review report upon which the denial of the claim at issue had been based. Dr. Corcoran testified that she had obtained the facts of the case from, among other things, the claim form, the medical records (which she listed in her report), and the police accident report. The claim form was admitted into evidence without objection, but the court sustained plaintiff’s objections to the admission into evidence of other documents, including the medical records. While Dr. Corcoran testified that she could conclude that certain items, such as the cervical pillow or the lumbar cushion, were not medically necessary based solely upon the information contained in the claim form — because she had never seen such equipment used to treat an injury of any sort — she ultimately did not attempt to proffer any testimony which would have required her to refer to documents which the court had previously held were inadmissible.
Defendant’s employee, Jemma Keating, testified as to, among other things, defendant’s practices and procedures when it receives medical documentation concerning an eligible injured person. When defendant sought, for the second time, to admit the medical documentation into evidence, the Civil Court again sustained plaintiffs objection. The court then granted plaintiffs motion for judgment in the entire amount sought in the complaint. A judgment was subsequently entered, from which defendant appeals.
*21 The question before the court is whether defendant was entitled to have the medical records submitted to it by plaintiff (or plaintiffs assignor or other medical professionals who had provided services or supplies to plaintiffs assignor) admitted into evidence so as to enable Dr. Corcoran to testify regarding her expert opinion that the medical supplies at issue were not medically necessary — an opinion she reached after reviewing this medical documentation. We conclude, for the reasons set forth below, that the medical documentation should have been admitted into evidence and, thus, we reverse the judgment and remit the matter to the Civil Court for a new trial to afford defendant an opportunity to establish its defense of lack of medical necessity.
The basis for this action is plaintiffs claim that it provided medically necessary supplies to its assignor for injuries arising from a covered accident, and that it was not paid for these supplies. In a no-fault case, submission of a properly completed claim form is all that is needed to establish, prima facie, that the supplies at issue were medically necessary (see West Tremont Med. Diagnostic, P.C. v GEICO Ins. Co., 13 Misc 3d 131 [A], 2006 NY Slip Op 51871[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2006]; Amaze Med. Supply v Eagle Ins. Co., 2 Misc 3d 128[A], 2003 NY Slip Op 51701[U] [App Term, 2d Dept. 2d & 11th Jud Dists 2003]), and, upon a demonstration that the claim form is admissible pursuant to the business records exception to the hearsay rule (CPLR 4518), the claim form will constitute sufficient prima facie evidence of the fact and the amount of the loss sustained (see Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Here, in limiting the trial to the issue of the medical necessity of the supplies provided, the Civil Court implicitly found that plaintiff had established these elements. In other words, plaintiff, as the assignee of benefits under a no-fault insurance policy, demonstrated its entitlement, in the first instance, to recover payment for providing medical supplies to its assignor, without having to proffer any specific testimony or proof as to the facts underlying its claim, including the injury sustained or the treatment rendered by the prescribing physician, or to affirmatively demonstrate that the supplies *22 were medically necessary. The burden then shifted to defendant to establish a lack of medical necessity.*
However, recognizing that it would be impossible for an expert witness to proffer an opinion regarding the medical necessity of the supplies at issue without discussing the facts underlying the claim, plaintiff argues that defendant must now prove those facts itself before being allowed to present its defense that, based upon the information provided to it regarding the injury sustained and the treatment rendered, it had correctly denied the claim on the ground that the supplies were not medically necessary. We reject plaintiffs argument.
A no-fault insurer cannot know with certainty, merely based upon reviewing medical records, what injuries a patient sustained or how he was treated — it can only act on what it has been told. The insurer is, however, permitted to deny a no-fault claim based upon a peer review report which opines that there was a lack of medical necessity for the services or supplies provided (see Insurance Department Regulations [11 NYCRR] § 65-3.8 [b] [4]). It follows that an insurer is entitled, or even expected, to rely on the documents submitted to it by the eligible injured person (and such person’s assignees, who stand in the shoes of the assignor [see Zeldin v Interboro Mut. Indent. Ins. Co., 44 AD3d 652 (2007)]), when determining whether to pay a claim or to deny it on the ground that the services or supplies provided lacked medical necessity.
However, in denying a claim for a lack of medical necessity based upon a peer review report, an insurer is not seeking to establish the truth of the facts set forth in the medical documentation submitted to it. Instead, as this court has previously explained, the insurer is merely stating that, assuming the facts set forth in the medical documentation are true, it is not required to pay for the services or supplies at issue because they were not medically necessary to treat the alleged injury (see Alrof, Inc. v Progressive Ins. Co., 34 Misc 3d 29 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; Urban Radiology, P.C. v Tri-State Consumer Ins. Co., 27 Misc 3d 140[A], 2010 NY Slip Op 50987[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). Thus, we reiterate that, in this context, the medical records are not being used for a hearsay purpose, but rather only to demonstrate that the information contained therein had been *23 conveyed to defendant (see Quiroa v Ferenczi, 77 AD3d 901, 901 [2010]; Gelpi v 37th Ave. Realty Corp., 281 AD2d 392 [2001]; Urban Radiology, P.C., 27 Misc 3d 140[A], 2010 NY Slip Op 50987DJ] [2010]). Here, there was testimony sufficient to establish that the medical documentation reviewed by Dr. Corcoran had in fact been submitted to defendant by plaintiff, plaintiffs assignor, or other medical professionals who had provided no-fault benefits to plaintiffs assignor. Accordingly, it was error to sustain plaintiffs objection to the admissibility of the records.
We note that the holdings in Hambsch v New York City Tr. Auth. (63 NY2d 723 [1984]) and Wagman v Bradshaw (292 AD2d 84 [2002]), where the plaintiffs’ expert witnesses sought to rely on out-of-court medical records in order to prove the fact of the plaintiffs’ injuries, are not relevant to the instant case, since defendant is not relying on the medical documentation at issue to prove the fact of plaintiffs assignor’s injuries.
In view of the foregoing, the judgment is reversed and the matter is remitted to the Civil Court for a new trial.
Pesce, EJ., Rios and Aliotta, JJ., concur.

 Assuming the insurer is successful in satisfying its burden, it is ultimately plaintiff who must prove, by a preponderance of the evidence, that the services or supplies were medically necessary.