OPINION OF THE COURT
Memorandum.
Ordered that the judgment is reversed, with $30 costs, and the matter is remitted to the Civil Court for further proceedings consistent herewith.
In this action by a provider to recover assigned first-party no-fault benefits, a nonjury trial was held solely with respect to defendant’s defense of lack of medical necessity. Defendant’s witness identified the peer review reports at issue, all but one of which he had authored. He testified, based upon his review of the documentation upon which all of the peer reviews were based, that the supplies at issue were not medically necessary. The Civil Court declined to consider the peer review reports, on the ground that some of them were not dated, signed or notarized, and held, in its posttrial decision, that the peer review reports could not serve as a valid basis for defendant’s denials. The court awarded judgment to plaintiff without consideration of the testimony of defendant’s witness. Defendant appeals and we reverse.
The Insurance Department Regulations require merely that a “copy” of a peer review report be produced to a provider upon written demand (Insurance Department Regulations [11 NYCRR] § 65-3.8 [b] [4]; A.B. Med. Servs., PLLC v GEICO Cas. Ins. Co., 39 AD3d 778, 779 [2007]; A.B. Med. Servs., PLLC v Liberty Mut. Ins. Co., 39 AD3d 779 [2007]). Moreover, the Insur *26 anee Department Regulations do not prescribe a format for a peer review report. It is only when a peer review report is being submitted in support of or in opposition to a motion that it must be properly sworn or affirmed (see CPLR 3212 [b]; see e.g. BLR Chiropractic, P.C. v American Tr. Ins. Co., 35 Misc 3d 141[A], 2012 NY Slip Op 50882[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]; Points of Health Acupuncture, P.C. v GEICO Ins. Co., 33 Misc 3d 127[A], 2011 NY Slip Op 51843[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Thus, the Civil Court incorrectly held that the peer review reports involved herein were an insufficient basis for defendant’s denial of the claims.
Since defendant’s expert witness testified regarding the factual basis and medical rationale for his opinion that the supplies furnished lacked medical necessity, such testimony should have been considered by the court (Radiology Today, P.C. v Progressive Ins. Co., 32 Misc 3d 144[A], 2011 NY Slip Op 51724[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; Psychology YM, P.C. v GEICO Gen. Ins. Co., 32 Misc 3d 130[A], 2011 NY Slip Op 51316[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). In light of the foregoing, and the fact that the court never passed upon the credibility of defendant’s witness, a new trial is required. We note that, at trial, the issue of medical necessity is to be resolved based upon the testimony given by medical experts. A peer review report, unlike a witness, is not subject to cross-examination and is not admissible by defendant to prove lack of medical necessity. Indeed, admission of a peer review report into evidence as part of a defendant’s proof of lack of medical necessity may constitute impermissible bolstering of its expert’s testimony (see generally Cohn v Haddad, 244 AD2d 519 [1997]).
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new trial.
Weston, J.E, Aliotta and Solomon, JJ., concur.