Paul Friedman, L.Ac., LMT, as Assignee of ANTHONY SOLURI, Respondent,
against
Allstate Insurance Company, Appellant.



Appeal from a judgment of the Civil Court of the City of New York, Queens County (William A. Viscovich, J.), entered April 30, 2014. The judgment, entered upon a decision of the same court dated December 31, 2012, after a nonjury trial, awarded plaintiff the principal sum of $2,160.




ORDERED that, on the court's own motion, the notice of appeal from the decision dated December 31, 2012 is deemed a premature notice of appeal from the judgment entered April 30, 2014 (see CPLR 5520 [c]); and it is further,
ORDERED that the judgment is affirmed, with $25 costs.
At a nonjury trial of this action by a provider to recover assigned first-party no-fault benefits for acupuncture services rendered to its assignor, the sole issue was the medical necessity of acupuncture treatments rendered by plaintiff to its assignor during the spring of 2008. Defendant's expert medical witness, Dr. Chiu, who had performed an independent medical examination (IME) of plaintiff's assignor on July 17, 2007, testified that, at the time of the IME, the assignor's injuries had resolved and that there was no further need for acupuncture treatment. Dr. Friedman, who had commenced treatment of the assignor in June 2007, testified that he was of the opinion that the assignor's injuries had not resolved at the time of the IME and that further acupuncture treatment was necessary. He had examined and treated the assignor after the IME had been conducted and had concluded that the assignor's condition was sometimes better and sometimes worse, but that the assignor still often suffered from pain arising from his injuries. It was his opinion that the assignor's injuries were caused by the accident, but that the injuries were exacerbated by the nature of his job as a parking valet, which "impeded . . . the progress of the treatment." In a decision after trial, from which defendant appeals, the Civil Court concluded that the acupuncture services in question were medically necessary. A judgment in favor of plaintiff was subsequently entered, from which we deem the appeal to have been taken (see CPLR 5520 [c]).
It is undisputed that defendant denied plaintiff's claims solely on the basis of Dr. Chui's IME, which concluded that the services rendered were not medically necessary, and not on the basis of the assignor's possible eligibility for workers' compensation benefits, which is a defense subject to preclusion (see Westchester Med. Ctr. v Lincoln Gen. Ins. Co., 60 AD3d 1045, 1046 [2009]). Since defendant did not deny plaintiff's claims based upon the assignor's possible eligibility for workers' compensation benefits, defendant is precluded from raising that defense.
With respect to defendant's contention that it demonstrated at trial that the acupuncture services in question lacked medical necessity, we find that, after defendant made its showing that the services in question were not medically necessary, plaintiff met its burden of demonstrating, by a preponderance of the credible evidence, that the services at issue were, in fact, medically necessary (see Park Slope Med. & Surgical Supply, Inc. v Travelers Ins. Co., 37 Misc 3d 19, 22 [*2][App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). There is, therefore, no basis to disturb the Civil Court's determination in favor of plaintiff.
Accordingly, the judgment is affirmed.
Weston, J.P., Pesce and Aliotta, JJ., concur.
Decision Date: March 18, 2016