New York Community Hospital of Brooklyn, as Assignee of GRIGORIY BEREGOVOY, Respondent,
against
Mercury Casualty Company, Appellant.



Appeal from an order of the Civil Court of the City of New York, Queens County (Ulysses Bernard Leverett, J.), entered October 10, 2013. The order denied defendant's motion for summary judgment dismissing the complaint or, in the alternative, to compel plaintiff to appear for an examination before trial.




ORDERED that the order is modified by providing that the branch of defendant's motion seeking to compel plaintiff to appear for an examination before trial is granted and the examination shall be held within 60 days of the date of this decision and order, at such time and place to be specified in a written notice by defendant of not less than 10 days, or at such other time and place as the parties may agree upon; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint or, in the alternative, to compel plaintiff to appear for an examination before trial (EBT). Plaintiff opposed the motion on the ground that defendant had failed to respond to discovery demands and that defendant's responses were necessary to oppose defendant's motion (see CPLR 3212 [f]). The Civil Court denied defendant's motion.
In support of its motion for summary judgment, defendant alleged that it had timely denied plaintiff's claims on the ground of lack of medical necessity based on an affirmed peer review report. In opposition to defendant's motion, plaintiff demonstrated that it had requested from defendant, but had not received, the peer review report, the complete set of medical documentation relating to the assignor received by defendant and the complete set of medical documentation provided to defendant's peer reviewer. Defendant's contention that the branch of defendant's motion seeking summary judgment is not premature since plaintiff already possessed its own medical records upon which the peer reviewer relied lacks merit. As a result, under the circumstances of this case, defendant is not entitled to summary judgment at this time (see CPLR 3212 [f]; Metropolitan Diagnostic Med. Care, P.C. v A. Cent. Ins. Co., 42 Misc 3d 133[A], 2013 NY Slip Op 52246[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; Alrof, Inc. v Progressive Ins. Co., 34 Misc 3d 29 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
The branch of defendant's motion seeking, in the alternative, to compel plaintiff to appear for an EBT should have been granted (see CPLR 3101 [a]). As defendant is defending this [*2]action on the ground that the services rendered lacked medical necessity, and defendant's moving papers established that defendant had served plaintiff with a notice for an EBT, such an examination is material and necessary to defendant's defense (see also Great Wall Acupuncture, P.C. v General Assur. Co., 21 Misc 3d 45, 47 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]).
Accordingly, the order is modified by providing that the branch of defendant's motion seeking to compel plaintiff to appear for an examination before trial is granted and the examination shall be held within 60 days of the date of this decision and order, at such time and place to be specified in a written notice by defendant of not less than 10 days, or at such other time and place as the parties may agree upon.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: June 06, 2016