New Horizon Surgical Center, L.L.C., as Assignee of VANESSA FLORES-CASTRO, Respondent, 
against
Allstate Insurance Company, Appellant.



Appeal from a judgment of the Civil Court of the City of New York, Richmond County (Philip S. Straniere, J.), entered November 12, 2014. The judgment, entered upon a decision of the same court dated February 4, 2014, after a nonjury trial, awarded plaintiff the principal sum of $7,590.60.




ORDERED that, on the court's own motion, the notice of appeal from the decision dated February 4, 2014 is deemed a premature notice of appeal from the judgment entered November 12, 2014 (see CPLR 5520 [c]); and it is further,
ORDERED that the judgment is reversed, with $30 costs, and the matter is remitted to the Civil Court for the entry of a judgment in favor of defendant dismissing the complaint.
In this action by a New Jersey facility to recover assigned first-party no-fault benefits, the parties stipulated, prior to the commencement of a nonjury trial, that defendant had received plaintiff's claim form seeking $7,590.60 for a facility fee for a manipulation under anesthesia (MUA) procedure performed at plaintiff's facility and that defendant had issued a timely denial of claim form premised upon a lack of medical necessity, based on the peer review report of Dr. Robert Snitkoff, a licensed chiropractor, who had been certified in MUA. The sole witness to testify at trial was defendant's witness, Dr. Paul Priolo, a licensed chiropractor, certified in MUA. Plaintiff stipulated to Dr. Priolo's "credentials [and] expertise." Dr. Priolo testified that he had concluded, based upon his review of Dr. Snitkoff's peer review report and the documentation upon which the peer review report relied, that there was a lack of medical necessity for the MUA procedure.
In a decision after trial, the Civil Court (Philip S. Straniere, J.) found that Dr. Priolo was a credible witness and that his testimony had sufficiently demonstrated a lack of medical necessity. Because plaintiff had not submitted any evidence to the contrary, the Civil Court determined that "the action must be dismissed." Nevertheless, the court, in its decision, which ultimately found for plaintiff in the sum of $7,590.60, stated the following: "This court has held that chiropractors cannot perform MUA in New York because it is considered a surgical procedure and only physicians may perform. Therefore opinion of chiropractor is not sufficient to establish lack of medical/chiropractic necessity of MUA or surgical center charge." A judgment awarding plaintiff the principal sum of $7,590.60 was entered pursuant to the decision.
The issue in this case is not whether chiropractors are permitted to perform MUA, but [*2]rather whether defendant, through the testimony of its expert witness, satisfied its burden of establishing a lack of medical necessity and, if it did so, whether plaintiff proved, by a preponderance of the evidence, that the services rendered were medically necessary (see Park Slope Med. & Surgical Supply v Travelers Ins. Co., 37 Misc 3d 19 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).
Plaintiff stipulated to Dr. Priolo's expertise, and there is no indication in the record that Dr. Priolo was not competent to assert his opinion as to the lack of medical necessity of the procedure performed (see Channel Chiropractic, P.C. v Country-Wide Ins. Co., 38 AD3d 294 [2007]; see also Patil v Countrywide Ins. Co., 11 Misc 3d 130[A], 2006 NY Slip Op 50306[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]) and, by extension, the facility fee which was sought in the claim in question. Dr. Priolo's testimony, which the court found credible, demonstrated a factual basis and medical rationale for his determination that there was no medical necessity for the services at issue (see Alev Med. Supply, Inc. v Government Employees Ins. Co., 40 Misc 3d 128[A], 2013 NY Slip Op 51096[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). As plaintiff called no witnesses to rebut Dr. Priolo's testimony (see West Tremont Med. Diagnostic, P.C. v Geico Ins. Co., 13 Misc 3d 131[A], 2006 NY Slip Op 51871[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2006]), we disagree with the Civil Court's ultimate determination in favor of plaintiff and find that the Civil Court should have dismissed the complaint.
In view of the foregoing, we need not decide whether the Civil Court erred in finding that chiropractors cannot perform MUA procedures in New York.
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for the entry of a judgment in favor of defendant dismissing the complaint.
Pesce, P.J., Solomon and Elliot, JJ., concur.
Decision Date: July 13, 2016