Daniel Mathews, M.D., Appellant,
against
Allstate Insurance, Respondent.



Appeal from a judgment of the City Court of Yonkers, Westchester County (Arthur J. Doran, III, J.), entered June 10, 2014. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this small claims action to recover assigned first-party no-fault benefits in the sum of $953.77. At a nonjury trial, plaintiff testified that he had performed certain testing on the patient, based on a referral from an orthopedic surgeon, without having inquired as to whether the testing was medically necessary. He stated that he had submitted a claim to defendant for $1,135, but only $181.23 of that claim had been paid, leaving a balance due of $953.77. Defendant's expert witness, who was board-certified in physical medicine and rehabilitation, testified that there was a lack of medical necessity for the services at issue. Following the trial, the City Court dismissed the action in a judgment entered June 10, 2014.
In a small claims action, this court's review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (UCCA 1807; see UCCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
The issue at trial was whether the services in question were medically necessary. Plaintiff's challenge to defendant's expert witness's qualifications to testify as to the lack of medical necessity, on the ground that the witness was not an orthopedic surgeon, goes to the weight and not to the admissibility of his testimony (see Vargas v Sabri, 115 AD3d 505 [2014]), and the City Court, as the trier of fact, was free to accept or reject his opinion. The City Court apparently accepted defendant's expert witness's testimony and implicitly found that defendant had satisfied its burden of demonstrating that the services were not medically necessary (see Dayan v Allstate Ins. Co., 49 Misc 3d 151[A], 2015 NY Slip Op 51751[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). It was then plaintiff's burden to prove, by a preponderance of the evidence, that the services rendered were medically necessary (see Park Slope Med. & Surgical Supply, Inc. v Travelers Ins. Co., 37 Misc 3d 19, 22 [App Term, 2d Dept, 2d, 11th & [*2]13th Jud Dists 2012]). As plaintiff failed to satisfy his burden, the City Court did not err in dismissing the action.
While plaintiff contends on appeal that he has a hearing impairment which prevented him from fully participating at trial, and that the City Court made no accommodations for his impairment, the record is devoid of any indication that plaintiff had such an impairment or that he had requested an accommodation therefor. This court may not consider matters which are dehors the record (see Chimarios v Duhl, 152 AD2d 508 [1989]). Plaintiff's remaining contentions are either unpreserved for appellate review or without merit.
Accordingly, as the court's determination is supported by the record and provides the parties with substantial justice (see UCCA 1804, 1807), the judgment is affirmed.
Iannacci, J.P., and Tolbert, J., concur.
Marano, J., taking no part.
Decision Date: July 28, 2016