Radiology Today, P.C., as Assignee of Sofya Shlafman, Respondent, 
against
Geico Ins. Co., Appellant.




Law Offices of Printz & Goldstein (Lawrence J. Chanice, Esq.), for appellant.
Law Offices of Ilona Finkelshteyn, P.C. (Emilia I. Rutigliano, Esq.), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Richard G. Latin, J.), entered March 20, 2013. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $878.67 on its first cause of action.




ORDERED that the judgment is reversed, with $30 costs, and the matter is remitted for a new trial on the first cause of action.
In this action by a provider to recover assigned first-party no-fault benefits for services it had provided to its assignor, a nonjury trial was held on the first cause of action, limited to defendant's defense of lack of medical necessity (see CPLR 3212 [g]). Prior to defendant calling any witnesses, the Civil Court indicated that, as defendant would not be able to admit into evidence the peer review report upon which the denial of claim had been based "for the truth of what is in there," defendant would not be able to meet its "burden."[FN1]
The court disagreed with [*2]defendant's position that a "substitute doctor" could testify without the peer review report being admitted into evidence and directed a verdict in favor of plaintiff. A judgment was subsequently entered awarding plaintiff the principal sum of $878.67 on its first cause of action. 

Contrary to the apparent holding of the Civil Court, an insurer cannot use a peer review report at trial for its "truth," i.e., to prove the insurer's defense of lack of medical necessity (see Alev Med. Supply, Inc. v Government Empls. Ins. Co., 40 Misc 3d 128[A], 2013 NY Slip Op 51096[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; A-Quality Med. Supply v GEICO Gen. Ins. Co., 39 Misc 3d 24, 26 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Indeed, the "admission of a peer review report into evidence as part of a defendant's proof of lack of medical necessity may constitute impermissible bolstering of its expert's testimony" (A-Quality Med. Supply, 39 Misc 3d at 26). While an insurer's expert witness's testimony should be limited to the basis for the denial as set forth in the peer review report (see e.g. Park Slope Med. & Surgical Supply, Inc. v Progressive Ins. Co., 34 Misc 3d 154[A], 2012 NY Slip Op 50349[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]), "it is plaintiff's burden to make an appropriate objection in the event the testimony goes beyond the basis for the denial and, if necessary, produce the peer review report" (Promed Orthocare Supply, Inc. v Geico Ins. Co., ____ Misc 3d _____, 2017 NY Slip Op 51264[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). Consequently, a new trial is required on the first cause of action. 

Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new trial on the first cause of action.

PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: December 15, 2017



Footnotes

Footnote 1: In a no-fault trial dealing with a defense of lack of medical necessity, an insurer has an initial burden to rebut the presumption of medical necessity which attaches to a claim form; however, it is the plaintiff who has the ultimate burden of proving, by a preponderance of the evidence, that the services at issue were medically necessary (see Dayan v Allstate Ins. Co., 49 Misc 3d 151[A], 2015 NY Slip Op 51751[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Park Slope Med. & Surgical Supply, Inc. v Travelers Ins. Co., 37 Misc 3d 19 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).