North American Partners in Anesthesia, LLP, as Assignee of Jose Maravilla, Respondent,
against
GEICO General Insurance Co., Appellant.




Law Office of Goldstein & Flecker (Lawrence J. Chanice of counsel), for appellant.
The Odierno Law Firm, P.C., for respondent (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Jodi Orlow, J.), entered November 28, 2016. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $243.09.




ORDERED that, on the court's own motion, the notice of appeal from the oral decision made on November 17, 2015 is deemed a premature notice of appeal from the judgment entered November 28, 2016 (see CPLR 5520 [c]); and it is further,
ORDERED that the judgment is reversed, with $30 costs, and the matter is remitted to the Civil Court for a new trial.
At a nonjury trial of this action by a provider to recover assigned first-party no-fault benefits, the sole issue was the medical necessity of the services in question. The Civil Court precluded the testimony of defendant's expert witness, who did not prepare the underlying peer review report, on the ground that such testimony would be hearsay, and granted plaintiff's motion for a directed verdict. Defendant appeals from the judgment that was subsequently entered in favor of plaintiff in the principal sum of $243.09.
Defendant's expert witness should have been permitted to testify as to his opinion regarding the lack of medical necessity of the services at issue (see e.g. Park Slope Med. & Surgical Supply, Inc. v Progressive Ins. Co., 34 Misc 3d 154[A], 2012 NY Slip Op 50349[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). While the expert witness's testimony should be limited to the basis for the denial as set forth in the peer review report (see id.), it is plaintiff's burden to make an appropriate objection in the event the testimony goes beyond the basis for the denial and, if necessary, produce the peer review report (see Staten Is. Advanced Surgical Supply v GEICO Ins. Co., 58 Misc 3d 143[A], 2017 NY Slip Op 51895[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; Promed Orthocare Supply, Inc. v Geico Ins. Co., 57 Misc 3d 135[A], 2017 NY Slip Op 51264[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]). We note that an insurer cannot use a peer review report to prove its defense of lack of medical necessity or to impermissibly bolster its expert's testimony (see e.g. Promed Orthocare Supply, Inc., 57 Misc 3d 135[A], 2017 NY Slip Op 51264[U]; A-Quality Med. Supply v GEICO Gen. Ins. Co., 39 Misc 3d 24 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]).
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new trial.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 03, 2019