The Parkway Hospital, Inc., as Assignee of David Elascano, Respondent, 
against
Integon National Insurance Company, Appellant.




Freiberg, Peck & Kang, LLP (Yilo J. Kang of counsel), for appellant.
The Odierno Law Firm, P.C. (Paul A. Bargellini of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Richard G. Latin, J.), entered August 16, 2018. The judgment, upon a decision of that court dated February 2, 2015, after a nonjury trial, awarded plaintiff the principal sum of $17,388.68.




ORDERED that, on the court's own motion, the notice of appeal from the decision dated February 2, 2015 is deemed a premature notice of appeal from the judgment entered August 16, 2018 (see CPLR 5520 [c]); and it is further,
ORDERED that the judgment is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, a nonjury trial was held, limited, pursuant to a stipulation, to defendant's defense of lack of medical necessity. The parties further stipulated that defendant's witness, an orthopedic surgeon, was an expert. Defendant's witness testified that he had read a peer review report prepared by a different doctor and that he agreed with the peer reviewer's conclusion that the services provided to the assignor were not medically necessary nor causally related to the assignor's motor vehicle accident. Plaintiff did not call any witnesses to rebut defendant's doctor's testimony. Following the trial, the Civil Court found that defendant's witness was not credible and awarded judgment to plaintiff in the principal sum of $17,388.68.
When reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and [*2]demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]). At a no-fault trial involving a defense of lack of medical necessity, an insurer has an initial burden to rebut the presumption of medical necessity which attaches to a claim form (see Dayan v Allstate Ins. Co., 49 Misc 3d 151[A], 2015 NY Slip Op 51751[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Here, the record supports the determination of the Civil Court, based upon its assessment of the credibility of defendant's expert witness and the proof adduced at trial, that defendant failed to demonstrate that the services rendered were not medically necessary (see A-Quality Med. Supply v GEICO Gen. Ins. Co., 39 Misc 3d 24 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]). Consequently, we find no basis to disturb the Civil Court's findings.
Accordingly, the judgment is affirmed.
ELLIOT, J.P., PESCE and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 19, 2019