James J. Kim, L.A.C., P.C. v Allstate Ins. Co. (2023 NY Slip Op 50587(U))

[*1]

James J. Kim, L.A.C., P.C. v Allstate Ins. Co.

2023 NY Slip Op 50587(U)

Decided on May 26, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 26, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LOURDES M. VENTURA, JJ

2022-994 K C

James J. Kim, L.A.C., P.C., as Assignee of Rick Greengus, Respondent, 
against
Allstate Insurance Company, Appellant. 

Peter C. Merani, P.C. (Adam Waknine and Samuel A. Kamara of counsel), for appellant.
Lewin & Baglio, LLP (Michael Nathan and William Benson of counsel), for respondent.

Appeal from a decision of the Civil Court of the City of New York, Kings County (Nicholas W. Moyne, J.), dated August 1, 2022, deemed from a judgment of that court entered October 24, 2022 (see CPLR 5512 [a]). The judgment, after a nonjury trial, awarded plaintiff the principal sum of $2,018.77.

ORDERED that the judgment is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, defendant appeals from a judgment, after a nonjury trial, awarding plaintiff the principal sum of $2,018.77. At the outset of the trial, the parties stipulated that the sole issue for trial was whether the services at issue were medically necessary.
In a no-fault trial involving a defense of lack of medical necessity, an insurer has an initial burden to rebut the presumption of medical necessity which attaches to a claim form; however, it is the plaintiff who has the ultimate burden of proving, by a preponderance of the evidence, that the services at issue were medically necessary (see Radiology Today, P.C. v Geico Ins. Co., 58 Misc 3d 132[A], 2017 NY Slip Op 51768[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; Dayan [*2]v Allstate Ins. Co., 49 Misc 3d 151[A], 2015 NY Slip Op 51751[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; Park Slope Med. & Surgical Supply, Inc. v Travelers Ins. Co., 37 Misc 3d 19 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]). Here, the record supports the determination of the Civil Court that, based upon its assessment of the credibility of the expert witnesses and the proof adduced at trial, plaintiff sufficiently established by a preponderance of the evidence that the services at issue were medically necessary. Consequently, we find no basis to disturb the Civil Court's findings.
Accordingly, the judgment is affirmed.
TOUSSAINT, P.J., BUGGS and VENTURA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 26, 2023