**Parisien v MVAIC**

2023 NY Slip Op 34542(U)

December 18, 2023

Civil Court of the City of New York, Kings County

Docket Number: Index No. CV-717367-2017

Judge: Brian L. Gotlieb

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS         PART 71
------------------------------------------------------------X
JULES FRANCOIS PARISIEN, MD,              Index Number:  CV-717367-2017
A/A/O WILLIS, CHARLENE,

                                                         AMENDED
                    *Plaintiff,*                DECISION AND ORDER AFTER TRIAL

             -*against*-

MVAIC,                                          HON. BRIAN L. GOTLIEB, J.C.C.

                    *Defendant.*
------------------------------------------------------------X

        This action for first party no-fault benefits arises out of a motor vehicle accident that occurred on November 15, 2016, involving plaintiff's assignor, Charlene Willis (hereinafter "plaintiff's assignor" or "Willis").  Due to injuries sustained in the accident, Willis sought out treatment from assorted medical providers including plaintiff who commenced this action seeking to recover $3,369.10 in first party no-fault benefits against the defendant.

        A virtual bench trial was conducted before the undersigned on Thursday, December 7, 2023.  Plaintiff was represented by Florence Zabokritsky, Esq., of counsel to The Rybak Firm, PLLC, 1810 Voorhies Avenue, Suite 7, Brooklyn, NY  11235, and defendant was represented by Frank D'Esposito, Esq.,  of Marshall & Marshall, PLLC, 30 Jericho Executive Plaza, Suite 100 West, Jericho, NY  11753.  On December 8, 2023, the Court issued its "Decision and Order After Trial."  This "Amended" Order serves to correct two typographical errors (one in the caption – A/A/OL TO A/A/O -- and the second, correcting the date of the trial to read December 7, 2023 instead of December 7, 20231) while leaving the balance of the Court's "Decision and Order After Trial," beyond the addition of this sentence, unchanged.

        Pursuant to the Court's Decision and Order dated January 27, 2021, defendant's motion and plaintiff's cross-motion for summary judgment were granted by the Hon. Matthew P. Blum, J.C.C. to the extent that both sides had established their prima facie cases and that issues of fact remained as to the issue of medical necessity.  Prior to the commencement of trial, the parties failed to enter into any stipulations beyond what was contained in Judge Blum's Decision and Order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

        Defendant called Dr. Isandr Dumesh, who testified in relevant part as follows:  he graduated from the Latvian Medical Academy in 1990.  He did his internship and residency from 1992 through 1995 at the New York University Medical Center.  He was originally Certified by the American Board of Internal Medicine in 1995 has continually maintained a practice in internal medicine since securing his license.[1]  Dr. Dumesh was asked to review the medical

---

[1] Dr. Dumesh was deemed to be an expert on internal medicine on the consent of the parties.

1

[* 1]

necessity and causality of, inter alia, needling and trigger point injections that plaintiff performed on Willis on December 22, 2016, and January 19, 2017. Upon receipt of the records, he reviews them and drafts his own peer review reports. Upon completion, he reviews and signs each report and submits a copy of the report to the vendor while keeping a copy for his records on his computer system. The computer system is password protected and accessible only to him. Based on his review of plaintiff's assignor's medical records, Dr. Dumesh concluded that the needling procedures (on both dates of service) and trigger point injections (on January 19, 2017) were not medically necessary. Dr. Dumesh's findings and the records that he reviewed are outlined in his peer review reports which were, over plaintiff's objection, admitted into evidence.

Dr. Dumesh testified that as the above procedures are invasive, they can potentially subject the recipient to, inter alia, bleeding, pain, or infection. As such, said treatment should have only been prescribed and given after an extensive period of conservative treatment. Said treatments were provided to Willis after she had been provided with physical therapy, acupuncture, and chiropractic treatments for approximately three (3) to four (4) weeks. This, according to Dr. Dumesh, was too soon and that she should have received additional conservative treatments prior to the needling and trigger point injections. In short, said treatments were provided to plaintiff's assignor too early in the treatment process. Dr. Dumesh, however, failed to identify how long the recipient (either generally or Willis specifically) should follow a course of conservative treatment and/or what circumstances would need to be present for needing and trigger point injections to be deemed "necessary." Dr. Dumesh also failed to specify the generally accepted standards of care that form the basis of the findings listed in his peer review reports.[2]

A no-fault insurer defending a denial that is based on an alleged lack of medical necessity bears the initial burden of rebutting the presumption of medical necessity which attaches to a claim form *Dayan v. Allstate Ins. Co.*, 49 Misc.3d 151(A), [App. Term, 2d Dep't., 2d, 11th & 13th Jud. Dists., 2015]. The insurer must, at least, show that the services rendered were inconsistent with generally accepted medical and/or professional practice *Accelerated Chiropractic Care P.C. v. Progressive Insurance*, 58 Misc.3d 1212(A), (Civ. Ct., Kings Co., 2017); *Citywide Soc. Work & Psy. Serv., PLLC v. Travelers Indem. Co.*, 3 Misc.3d 608 (Civ. Ct., Kings Co., 2004). Generally accepted practice is that range of practice that the profession will follow in the diagnosis and treatment of patients considering the standards and values that define its calling *Accelerated Chiropractic Care P.C. v. Progressive Insurance*, *supra*; *Nir v. Allstate Ins. Co.*, 7 Misc.3d 544 (Civ. Ct., Kings Co., 2005) quoting *Citywide Soc. Work & Psy. Serv., PLLC v. Travelers Indem. Co.*, 3 Misc.3d 608 (Civ. Ct., Kings Co., 2004). To establish that the services rendered to plaintiff's assignor were not medically necessary at trial, a defendant must establish both a factual basis and medical rationale for the lack of medical necessity of plaintiff's services *Nir v. Allstate Ins. Co.*, *supra*; *Citywide Soc. Work & Psy. Serv., PLLC v. Travelers Indem. Co.*, *supra*. The defense that the claim was not medically necessary must be supported by sufficient factual evidence or proof and cannot simply be conclusory *Inwood Hill Medical P.C. v. Allstate Ins. Co.*, 3 Misc.3d 1110(A) (Civ. Ct. New York Co., 2004). At trial, the issue of medical necessity is to be resolved based upon the testimony of medical experts as they are subject to cross-examination *Alev Medical Supply, Inc. v. Government Employees Ins. Co.*, 40

---

[2] Dr. Dumesh did not offer any testimony regarding the medical sources or authorities (i.e., reports/articles of and by the American Medical Association or the American College of Physicians) upon which he based his conclusions.

2

[* 2]

Misc.3d 128(A) [App. Term, 2d Dep't., 2d, 11th & 13th Jud. Dists., 2013]; *Eagle Surgical Supply, Inc. v. GEICO Ins. Co.*, 39 Misc.3d 146(A) [App. Term, 2d Dep't., 2d, 11th & 13th Jud. Dists., 2013]; *A-Quality Medical Supply v. GEICO General Ins. Co.*, 39 Misc.3d 24 [App. Term, 2d Dep't., 2d, 11th & 13th Jud. Dists., 2013]. Furthermore, a peer review report is not admissible to bolster an expert's testimony or establish the issue of medical necessity as, unlike a witness, it is not subject to cross-examination *North American Partners in Anesthesia, LLP v. GEICO General Insurance Co.*, 63 Misc.3d 146(A) [App. Term, 2d Dep't., 2d, 11th & 13th Jud. Dists., 2019]; *Alev Medical Supply, Inc. v. Government Employees Ins. Co.*, *supra*; *A-Quality Medical Supply v. GEICO General Ins. Co.*, *supra*.

Defendant fails to sustain its burden as Dr. Dumesh's testimony, as noted above, fails to set forth a factual basis and medical rationale as to his findings. Dr. Dumesh's testimony fails to establish the basis of his conclusions or what is "generally accepted practice." Defendant has, therefore, failed to establish a lack of medical necessity relating to any of the subject treatments.

Accordingly, judgment is awarded to the plaintiff in the amount of $3,369.10. Plaintiff is granted leave to enter judgment for said amount with statutory interest from May 17, 2017; costs; disbursements; and attorney's to be calculated by the Judgment Clerk.

This constitutes the decision and order of this Court.

Dated: December 18, 2023
Brooklyn, NY

*Brian L. Gotlieb*
_____
HON. BRIAN L. GOTLIEB, J.C.C.

[* 3]