**American Tr. Ins. Co. v All Boro Med. Rehabilitation PLLC**

2025 NY Slip Op 32487(U)

July 11, 2025

Supreme Court, New York County

Docket Number: Index No. 651075/2025

Judge: Alexander M. Tisch

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. ALEXANDER M. TISCH**      PART      **18**

*Justice*

-------------------------------------------------------------------X

AMERICAN TRANSIT INSURANCE COMPANY,

     Petitioner,

     - v -

ALL BORO MEDICAL REHABILITATION PLLC,
A/A/O MIGUELINA ESPINOSA,

     Respondent.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 651075/2025 |
| MOTION DATE | 02/26/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11,

were read on this motion to/for      VACATE - DECISION/ORDER/JUDGMENT/AWARD.

Upon the foregoing documents, petitioner American Transit Insurance Company (American Transit) moves to vacate the arbitration awards issued by Arbitrator Eylan Schulman, Esq. and Master Arbitrator Henry Sawits, Esq. (American Arbitration Association (AAA) Case Nos. 17-24-1343-2908 and 99-24-1343-2908). Respondent All Boro Medical Rehabilitation, PLLC (All Boro) has not appeared in this action. The petition to vacate the arbitration awards is denied, and the award is confirmed.

According to the petition, a non-party was involved in a motor vehicle accident on or about December 20, 2018, and sustained injuries (NY St Cts Elec Filing [NYSCEF] Doc No. 1, Petition). The non-party allegedly assigned the right to All Boro to collect no-fault benefits for medical treatment the non-party received for said injuries (NYSCEF Doc No. 1, Petition). American Transit denied All Boro claims totaling $4,263.31 for services rendered from May 29, 2020, to August 4, 2023 (NYSCEF Doc No. 1, Petition) because the services were not allegedly medically necessary as per the independent medical examination (IME) performed by Dr. Eric

651075/2025  AMERICAN TRANSIT INSURANCE COMPANY, vs. ALL BORO MEDICAL REHABILITATION PLLC,
Motion No. 001

Page 1 of 4

1 of 4

Roth. All Boro initiated arbitration with American Transit for their denial of the no-fault benefits claims (NYSCEF Doc No. 3, Exhibit A to Petition, Arbitration Award).

In AAA Case No. 17-24-1343-2908 ("Lower Arbitration"), Arbitrator Eylan Schulman, Esq. determined American Transit incorrectly denied reimbursement to All Boro for medical services rendered from May 29, 2020, to August 4, 2023, and awarded $4,263.31 to All Boro (NYSCEF Doc No. 3, Arbitration Award). In AAA Case No. 99-24-1343-2908 ("Master Arbitration"), Master Arbitrator Henry Sawits, Esq. affirmed the Lower Arbitration in its entirety (NYSCEF Doc No. 4, Exhibit B to Petition, Master Arbitration Award). Petitioner American Transit moves to vacate the Lower and Master Arbitration Awards pursuant to CPLR 7511.

American Transit alleges Arbitrator Eylan Schulman, Esq. exceeded the powers of an arbitrator by failing to follow well-settled law in rendering the decision. American Transit also alleges Master Arbitrator Henry Sawits, Esq. exceeded the powers of a master arbitrator by failing to vacate an arbitration award that was contrary to well-settled case law. American Transit contends that failure to follow well-settled law is grounds to vacate the arbitration award pursuant to CPLR 7511 (b)(1) (i)-(iii).

CPLR 7511 (b) (1) provides an arbitration award "shall be vacated on the application of a party who either participated in the arbitration or was served with a notice of intention to arbitrate if the court finds that the rights of that party were prejudiced by: (i) corruption, fraud or misconduct in procuring the award; or (ii) partiality of an arbitrator appointed as a neutral, except where the award was by confession; or (iii) an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made..."

**651075/2025   AMERICAN TRANSIT INSURANCE COMPANY, vs. ALL BORO MEDICAL REHABILITATION PLLC,**
**Motion No.  001**

**Page 2 of 4**

[* 2]

2 of 4

The assignee of benefits under a no-fault insurance policy is entitled to recover payment if the services or supplies at issue were medically necessary (*Park Slope Med. and Surgical Supply, Inc. v Travelers Ins. Co.*, 37 Misc 3d 19 [App Term 2d Dept, 2nd, 11th & 13th Jud Dists 2012]). "In a no-fault case, submission of a properly completed claim form is all that is needed to establish, prima facie, that the supplies at issue were medically necessary" (*Id.* at 21). The burden then shifts to the no-fault insurer to establish a lack of medical necessity (*Id.* at 21-22). If the insurer establishes a lack of medical necessity, the burden shifts back to the assignee to prove by a preponderance of the evidence the services or supplies were necessary (*Id.* at n.1).

American Transit contends it is well-settled law that, "[i]n order for an applicant to prove that the services were medically necessary, it must meaningfully refer to, or rebut, the conclusions set forth in the peer review" and/or the IME report that established a lack of medical necessity (NYSCEF Doc No. 1, Petition at 10). American Transit argues Dr. Eric Roth's IME of the injured non-party established a lack of medical necessity and required All Boro to meaningfully rebut Dr. Eric Roth's determination to collect no-fault benefits. American Transit alleges All Boro failed to do so, and Arbitrator Eylan Schulman, Esq. exceeded an arbitrator's power by awarding All Boro the claim of $4,263.31.

American Transit's well-settled law is not mandatory in this instant action. "[W]hen determining an issue of medical necessity, a no-fault hearing arbitrator is not required to apply the well-settled case law holding that the health service provider must submit expert opinion evidence which meaningfully refers to and either discusses or rebuts the conclusions of the insurer's expert witness" (*Am. Tr. Ins. Co. v Right Choice Supply, Inc.*, 78 Misc 3d 890 [Sup Ct 2023]). As such, Arbitrator Eylan Schulman, Esq. did not ignore well-settled law nor exceed an arbitrator's power. Insofar as the lower arbitration was not contrary to well-settled case law,

651075/2025 AMERICAN TRANSIT INSURANCE COMPANY, vs. ALL BORO MEDICAL REHABILITATION PLLC, Motion No. 001

Page 3 of 4

Master Arbitrator Henry Sawits, Esq. did not fail to vacate an arbitration award that was contrary to well-settled case law nor exceed the powers of a master arbitrator. This Court finds there are no grounds pursuant to CPLR 7511 (b)(1) to vacate the arbitration awards.

Accordingly, it is hereby

ORDERED and ADJUDGED that the petition (Motion Sequence No. 001) is DENIED, and the arbitration awards (AAA Case Nos. 17-24-1343-2908 and 99-24-1343-2908) rendered in favor of All Boro Medical Rehabilitation, PLLC are confirmed; and it is further

ORDRED and ADJUDGED and the Clerk is directed to enter judgment in favor of respondent dismissing this action, together with costs and disbursements to respondent, as taxed by the Clerk upon presentation of a bill of costs.

This constitutes the decision and order of the Court.

| 7/11/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ALEXANDER M. TISCH, J.S.C.** | |
| CHECK ONE: | [X] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | |
| | [ ] GRANTED [X] DENIED | | [ ] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

**651075/2025  AMERICAN TRANSIT INSURANCE COMPANY, vs. ALL BORO MEDICAL REHABILITATION PLLC,**
Motion No. 001

**Page 4 of 4**

4 of 4

[* 4]